**LUMBERMEN'S UNDERWRITERS,**
Appellant,

v.

**STATE BOARD OF INSURANCE et al.,**
Appellees.

**No. 12091.**

Court of Civil Appeals of Texas,
Austin.

Nov. 21, 1973.

Rehearing Denied Dec. 12, 1973.

Paul M. Green, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellant.

John L. Hill, Atty. Gen., Larry F. York, Ralph R. Rash, John H. Banks, Asst. Attys. Gen., for appellees.

PHILLIPS, Chief Justice.

In the year 1900 three hundred retail lumber dealers of this state organized for the purpose of providing fire insurance protection for their own lumberyards and residences. This organization was and is that of a classic reciprocal insurance exchange and its purpose remains unchanged to this day. With the exception of optional extended coverage protection,[1] it writes no other form of casualty insurance. It has the same number of subscribers today as it had when organized in 1900. Their subscribers are recruited exclusively from the retail lumber dealers of Texas.[2]

Appellant's plan of operation is relatively simple. The subscribers (policyholders) appoint an attorney in fact to act for them in an interchange of indemnity. The attorney in fact acts under guidance and policy directives of an advisory committee elected by the subscribers. The subscriber pays the standard fire insurance premium or premium deposits when he receives his policy dividends, if any, are credited to him. Unlike mutual insurance companies and some reciprocals, the subscriber has a contingent liability for losses in excess of premiums to the extent of a reserve deposit that he is required to make with the attorney in fact. These deposits remain available to the attorney in fact for payment of losses and related expenses. Appellant has been accorded exemption from gross premium taxes on its fire insurance premium receipts until the present demand was made upon it in 1968. At that time, the State Board of Insurance, pursuant to an Attor-

---

1. i. e., hail, windstorm, etc.

2. This case was tried on an agreed statement of facts. Rule 263, Texas Rules of Civil Procedure.

3. Tex.Att'y.Gen.Op. No. M–281 (1968).

ney General's Opinion,[3] denied appellant's exemption from the abovementioned taxes. Appellant paid the taxes demanded under protest, then brought this suit to recover such sums with interest from the date of payment. The trial court rendered judgment denying appellant any recovery; hence this appeal. We reverse and render the trial court's judgment.

Appellant is before us contending that the judgment is erroneous because it is exempt from payment of gross premium taxes on its fire insurance business inasmuch as it comes within the following exception of Article 7064, Vernon's Ann. Civil Statutes of Texas: "Purely cooperative or mutual fire insurance companies carried on by the members thereof solely for the protection of their own property, and not for profit, shall be exempt from the provisions of this law."

Article 7064, Vernon's Civil Statutes is, in part, as follows:

"Every insurance corporation, Lloyd's or reciprocals, and any other organization or concern transacting the business of fire, marine, marine inland, accident, credit, title, livestock, fidelity, guaranty, surety, casualty, workmen's compensation, employers' liability, or any other kind or character of insurance business, other than the business of life insurance, personal accident insurance, life and accident insurance, or health and accident insurance for profit, written by a life insurance company, life and accident insurance company or health and accident insurance company, or for mutual benefit or protection in this State and other than fraternal benefit associations or societies in this State, and other than non-profit group hospital service plans, at the time of filing its annual statement, shall report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts of 3.85%, . . . Purely cooperative or mutual fire insurance companies carried on by the members thereof solely for the protection of their own property, and not for profit, shall be exempt from the provisions of this law."

The State of Texas takes the position that the legislature intended taxation of reciprocal insurance exchanges on their gross premium receipts under Article 7064; that to hold otherwise, would put the legislature in the position of taxing reciprocals at the beginning of Article 7064 and exempting them at the end. The State also directs our attention to Article 19.11 of the Texas Insurance Code, V.A.T.S., providing as follows:

"The schedule of fees set out in Article 4.07 of this Code, so far as pertinent, shall apply to reciprocal exchanges and their attorneys in fact. Said exchanges shall be subject to the provisions of Article 7064 and of Article 7064a of the Revised Civil Statutes of Texas and of Article 4.02 and of Article 4.04 and of Article 5.12 and of Article 5.24 and of Article 5.49 and of Article 5.68 of this Code. Acts 1951, 52nd Leg., ch. 491; Acts 1955, 54th Leg., p. 413, ch. 117, § 50."

When the intent of the legislature is plainly expressed in the language of a statute, it must be given effect without attempting to construe or interpret the law. 53 Tex.Jur.2d, Statutes, § 125, p. 182, n. 17 and cases there cited. We hold that the exemption stated in Article 7064 applies to appellant. To hold otherwise would, in effect, read the exemption out of the statute. We overrule the State's position that no reciprocal can qualify for exemption. Apparently, in some situations, policyholders in reciprocals have no liability in excess of premiums paid, and a question of profit may arise. Such is not the case in appel-

**220**

lant's plan. Since appellant's policyholders have a contingent liability in excess of the premiums paid, it is a non-profit organization well within the context of the exemption.

▮▮▮ Were the statute held to be ambiguous, we would still have to reverse and render. Since its enactment in 1907, the statute now known as Article 7064 has provided an exemption for "Purely co-operative or mutual fire insurance companies carried on by the members thereof solely for the protection of their own property, and not for profit . . ." This exemption has remained intact despite seven subsequent amendments to Article 7064, five of which were adopted after 1936 when reciprocal insurance exchanges were added to the coverage provision of Article 7064. These amendments were adopted with knowledge of a former Attorney General's construction of the statute holding appellant exempt from the tax [4] and with knowledge of the resulting departmental construction. A canon of statutory interpretation is that great weight should be given to the construction placed upon the statute in question by the agency charged with its implementation, in this case the State Board of Insurance and its predecessors. 53 Tex. Jur.2d, Statutes, § 177, p. 259 and cases there cited. In addition, when a statute is reenacted without material change, it is generally presumed that the legislature knew and adopted or approved the interpretation placed on the original act, and intended that the new enactment should receive the same construction as the old one. 53 Tex.Jur.2d, Statutes, § 192, p. 296, notes 12, 13, 14, 15. Neither have we been shown nor have we found anything in the statute that would rebut this presumption.

We reverse the judgment of the trial court and render judgment that the appellant recover the taxes paid under protest along with costs of court.

Reversed and rendered.

4. Letter from Office of Attorney General William McGraw dated March 1, 1937, signed by

W. W. Heath, to Chairman of the Board of Insurance Commissioners.