Hugh Kerr WADDELL, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–82–400CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1983.

Rehearing April 20, 1983.

James Schweitzer, Galveston, for appellant.

Miguel Martinez, Galveston, for appellee.

J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a conviction under the Texas Parks and Wildlife Code § 76.112 for the offense of possession of undersized oysters, wherein the appellant pled not guilty, waived a jury, and was tried to the Court. The Court found appellant guilty as charged, and assessed his punishment at a $200.00 fine and court costs. We affirm.

The record reveals that on January 23, 1982, two Texas Parks and Wildlife wardens boarded the boat that appellant was operating to check his cargo of oysters. There were forty sacks of oysters in plain view on the boat. The warden took two of the forty sacks (5%) as a random sample and counted and measured each oyster to determine if they met the statutory size limits set out in TEX.PARKS & WILDLIFE CODE ANN. § 76.112 (Vernon 1976). There were additional oysters on the boat's deck, but these were not included in determining the random sample. The first sack contained 332 oysters of which eighty-two were undersized, and of 348 oysters in the second sack, 146 were undersized. Thus, the wardens determined that twenty-four percent (24%) of the oysters in the first sack were undersized and forty-two percent (42%) in the second sack were undersized, resulting in an average percentage of undersized oysters of thirty-three percent (33%).

Appellant contends in his sole ground of error that he was charged with the violation of a statutory provision that is invalid on its face due to vagueness.

TEX.PARKS & WILDLIFE CODE ANN. § 76.112 (Vernon 1976) sets forth oyster size limits as follows:

(a) No person may take or possess a cargo of oysters more than five percent of which are between three-forths inch and three inches measured from beak to bill or along an imaginary line through the long axis of the shell.

(b) A cargo of undersized oysters shall be determined by taking at random five percent of the total cargo of oysters as a sample, of which not more than five percent may measure less than three inches along an imaginary straight line through the long axis of the shell.

Appellant's argument is twofold. First, appellant argues that while the term "five percent" is used three times in § 76.112, at no time is such term defined in terms of volume or in terms of numbers. Therefore, appellant contends that § 76.112 is "vague, indefinite, and uncertain." Secondly, whereas § 76.112(b) refers to taking a random sample of "five percent of the total cargo of oysters as a sample," the game warden only took five percent of the sacks, leaving a number of unsacked oysters out of the count. Appellant thus poses the question whether "total cargo of oysters" means only the oysters in sacks or all of the oysters onboard.

Section 76.112(a) proscribes an individual from taking or possessing "a cargo of oysters more than five percent of which are between three-fourths inch and three inches...." We find the language clearly provides that an individual may have a

cargo of oysters of which no more than five percent of the *total number of oysters* may be under the proscribed size. We feel this provision is clear and unambiguous as written.

In holding § 76.112(a) to be definite and unambiguous, it is reasonable to construe § 76.112(b) to also provide for a numerical count to arrive at the five percent random sample to be taken in determining whether the percentage of undersized oysters exceeds five percent. When a word or phrase is used in different parts of a statute, a clear meaning appearing in one instance will be attached to it elsewhere. *Boriack v. Boriack*, 541 S.W.2d 237 (Tex. Civ.App.—Corpus Christi 1976, writ dism'd); *Walker v. Koger*, 99 S.W.2d 1034 (Tex.Civ.App.—Eastland 1936, writ dism'd).

In addressing the second part of appellant's argument, we find that the phrase "total cargo of oysters," although not defined in the statute, can be taken in its plain and ordinary meaning. Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Floyd v. State*, 575 S.W.2d 21 (Tex.Cr.App.1978). Webster's *New Collegiate Dictionary* (1981) defines cargo as "the goods or merchandise conveyed in a ship, airplane, or vehicle." Thus, the total cargo would, by definition, mean *all* of the goods, i.e. all of the oysters. Appellant states in his brief that the game warden was taught "only to take five percent of the sacks, not of the entire cargo." This conflict is a defensive matter that appellant should have raised at trial to show that the provisions of § 76.-112(b) had not been met by the State. It is not a matter of whether § 76.112(b) is vague and uncertain. The provision clearly sets the standard that the five percent random sample will be taken from the total cargo. The problem in the instant case lies in the manner in which the game warden chose his sample from appellant's boat. That issue is not before this court.

We hold that § 76.112 is not void for vagueness, and overrule appellant's ground of error.

The judgment is affirmed.