Thomas LAMBRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–86–233–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 15, 1987.

Jim N. Vratis, Crystal Beach, for appellant.

Michael J. Guarino, Mark J. Kelly, Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thomas Lambright, appeals from a judgment of conviction for possession of undersized oysters, a misdemeanor offense under the Texas Parks and Wildlife Code, § 76.112 ("the Code"). Appellant entered a plea of not guilty. The court found appellant guilty and assessed punishment at a $200 fine plus costs. We affirm.

At approximately 7:00 p.m. on November 1, 1985, Game Wardens Robinson and Gibson were patrolling the Bolivar Peninsula dock area for boats possessing cargoes of undersized oysters. They noticed appellant's boat arriving with a cargo of oysters and boarded it to inspect the cargo. Four additional game wardens were called to assist in the inspection. Appellant's entire cargo consisted of one hundred thirty-three (133) bushel sacks of oysters; there were no loose oysters on board.

Following their normal procedure, the wardens selected a random sample of at least five percent (5%) of the total cargo. Seven (7) sacks of oysters, selected from areas around the boat by the wardens, appellant, and the two crew members, were included in the random sample.

When the oysters in each of the seven sacks were dumped, counted, and measured, the wardens determined that the contents of each sack far exceeded the five percent statutory limit for undersized oysters. The count ranged from 20.1% to 44% per sack, with an average percentage of the seven sacks calculated at 29.0%.

After issuing citations to appellant and his two crew members, the wardens confis-

cated and sold the entire cargo of oysters to the highest of three bidders, pursuant to § 12.109 of the Code.

In appellant's sole point of error, he alleges the method used to determine the number of small oysters was not in accordance with the statute and case law. He argues that undersized oysters should be measured only in terms of "volume," a term he contends is used throughout Chapter 76 of the Code. Appellant further maintains the State cannot meet its burden of proof through its procedure of counting the contents of a designated percentage of randomly selected sacks, because there is a possibility of a varying number of oysters among the sacks. In addition to the term "volume," appellant cites as support for his position this court's decision in *Waddell v. State*, 654 S.W.2d 752 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

We disagree with appellant's argument for the following reasons: First, we find no indication in Chapter 76 that "volume" is a valid procedure to be used in determining undersized oyster counts; second, § 76.112 is clear and unambiguous on its face; and, third, appellant has misinterpreted our holding in *Waddell*, which is clearly distinguishable from the case before us.

The applicable Code provision reads as follows:

§ 76.112. Oyster Size Limits

(a) No person may take or possess a cargo of oysters more than five percent of which are between three-fourths inch and three inches measured from beak to bill or along an imaginary line through the long axis of the shell.

(b) A cargo of undersized oysters shall be determined by taking at random five percent of the total cargo of oysters as a sample, of which not more than five percent may measure less than three inches along an imaginary straight line through the long axis of the shell.

Tex. Parks & Wild. Code Ann. § 76.112 (Vernon 1976).

Although appellant argues that random selection and inspection of sacks is an invalid procedure, his alternative method of inspection by "volume"—by which he presumably means a measurement and count of every oyster on board—presents an unreasonable construction of the statute. There is no evidence of legislative intent that undersized oysters are to be counted by "volume." Thus we do not reach beyond the language of § 76.112 in construing the intent of the section; the provision is plain on its face. *Waddell v. State*, 714 S.W.2d 17 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *Lumbermen's Underwriters v. State Bd. of Insurance*, 502 S.W.2d 217, 219 (Tex.Civ.App.—Austin 1973, writ re'fd n.r.e.). The section clearly mandates determining whether a cargo of oysters is undersized "by taking at random five percent of the *total cargo of oysters* as a sample." (emphasis added).

Officer Robinson testified that since oysters are sacked for sale, the wardens were instructed to randomly sample at least five percent of the sacks:

The only way we have to do it is that a captain or a crew member on a boat—that's the way they do the oysters on every boat, they sack the oysters. That's how they take them in. That's how they sell them.

However, had there been any loose oysters, Robinson responded significantly that those oysters as well would have been included in the count after being bagged:

Q. Now, Officer Robinson, you indicated that you took the 5 percent of the total cargo. Was the total cargo the number of total sacks?

A. Correct, 133.

Q. Okay. If there had been any loose oysters on board that vessel, would you have bagged them and counted them too ...?

A. That's correct.

Appellant miscites our holding in *Waddell*. In that case the game wardens failed to include the unsacked oysters on board in the count, according to § 76.112. We thus held the State had not met its burden of establishing sufficient evidence to support conviction. The opposite is true in appel-

lant's case. Not only were there no loose oysters on the boat, Officer Robinson testified that any loose oysters would have been sacked for inclusion in the random sample.

The State has proved beyond a reasonable doubt appellant's possession of a cargo of more than five percent undersized oysters.

We note that although the statement of facts reflects the court's assessment of a $200 fine, the judgment itself indicates a fine of $500. The possession of undersized oysters is a Class C Parks and Wildlife Code misdemeanor. As such, the offense is punishable by a fine of not less than $25 nor more than $200. Tex. Parks & Wild. Code Ann. §§ 76.118, 12.406 (Vernon Supp. 1986).

We therefore reform the judgment of the trial court to reflect a fine of $200 plus costs, pursuant to our authority under Rule 80(b)(2) of the Texas Rules of Appellate Procedure.

The judgment of the trial court is affirmed as reformed.