rainbowgroup 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00405-CV







Rainbow Group, Ltd., Appellant



v.



Texas Employment Commission and William Grossenbacher, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 94-05485, HONORABLE B. F. COKER, JUDGE PRESIDING








 Appellant Rainbow Group, Ltd. ("Rainbow") filed a petition for writ of mandamus
and suit for declaratory judgment seeking to compel the Texas Employment Commission and its
administrator, William Grossenbacher, (1) to produce certain records under the Texas Open Records
Act, Tex. Gov't Code Ann. §§ 552.001-.353 (West 1994). The trial court granted the
Commission's plea to the jurisdiction on the cause of action for declaratory judgment and denied
Rainbow's petition for writ of mandamus. We will affirm the trial court's judgment.



DISCUSSION


 In January 1994, Rainbow requested the following from the Commission under the
Open Records Act: (1) a list of all Austin area haircutting and barber shops registered as "employers" as that term is defined in the Texas Unemployment Compensation Act, Tex. Lab.
Code Ann. §§ 201.001-217.006 (West 1995); and (2) all records showing the number of
employees for whom unemployment taxes were paid and the total unemployment taxes paid in
1992 and 1993 for seven specific employers. The Commission responded that the information
could be compiled only by using the employers' Standard Industrial Classification ("SIC") codes
from employer tax records and other information from employer quarterly reports all acquired
pursuant to section 202.091 of the Texas Unemployment Compensation Act. See Tex. Lab. Code
Ann. § 202.091 (West 1995). Because section 202.091 exempts from Open Records disclosure
"[e]mployment information thus obtained or otherwise secured," the Commission denied
Rainbow's request.

 Pursuant to the Open Records Act, Rainbow filed suit for a writ of mandamus to
compel disclosure of the requested information. Tex. Gov't Code Ann. § 552.321 (West 1994). 
Rainbow also requested a judgment declaring that such information is not protected under any
exception to the Open Records Act and further sought damages for the denial of its access to this
information. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.003, 104.002 (West 1986). The
Commission filed a plea to the jurisdiction on Rainbow's request for declaratory judgment,
arguing that there was no legislative consent or statutory authority for the suit. The trial court
granted the Commission's plea to the jurisdiction and also denied Rainbow's request for
mandamus and damages as a matter of law. Rainbow appeals the denial of the writ of mandamus
and the trial court's granting the Commission's plea to the jurisdiction.

 The parties agree that the central issue in this appeal is whether the Commission
was exempted from providing Rainbow the requested information under an exception to the Open
Record Act's required disclosure of public information. The Open Records Act provides: 
"Information is excepted from [required disclosure] if it is information considered to be
confidential by law, whether constitutional, statutory, or by judicial decision." Tex. Gov't Code
Ann. § 552.101 (West 1994). The Unemployment Compensation Act contains such a statutory
exception to disclosure: "employment information" obtained by the Commission pursuant to its
authority to require reports from employing units "is not open to public inspection, other than to
a public employee in the performance of public duties, except as the commission considers
necessary for the proper administration of this subtitle." Tex. Lab. Code Ann. § 202.091 (West
1995). The parties' dispute centers on the scope of the term "employment information." Rainbow
contends that the Labor Code exemption can only be applied to protect the privacy and
confidentiality of individual employee records. The Commission, relying on several Attorney
General opinions interpreting the Labor Code provision, contends that all employment information
obtained by the Commission from the reports it requires is confidential, whether the information
relates to individual employees or to the employer itself.

 The Open Records Act reaffirms in statutory form the fundamental principle of
American representative government that the people, in delegating authority to the government
and public officials, do not give these officials the authority to insulate themselves from public
control by withholding information. Tex. Gov't Code Ann. § 552.001 (West 1994). Although
the provisions of the Open Records Act are to be liberally construed in favor of granting requests
for information, the primary purpose of the Act is to grant the public access to information that
will allow them to "retain control over the instruments they have created." Id. Distinguishing
instances in which disclosure of information is necessary or conducive to the public's control of
governmental activities from instances in which confidentiality better serves the public interest is
a primary objective of the Act's provisions and procedures.

 Rainbow suggests that the language of the Labor Code provision and purposes of
the Open Records Act compel the conclusion that only information relating to individual
employees, not employers, is protected. However, other statutory exceptions in the Open Records
Act itself belie this interpretation. The Open Records Act specifically exempts from disclosure
information connected with competitive bidding, condemnation or public works projects, law
enforcement, the regulation of financial institutions and securities, and certain financial,
commercial, and trade secret information. See id. §§ 552.101-.123. These exceptions
demonstrate that the ambit of "confidential" information extends well beyond an individual's
constitutional rights to privacy to include information that promotes important governmental
interests.

 A primary purpose of the records and reports requirement of the Unemployment
Compensation Act is the proper and effective administration of the Unemployment Compensation
Program. Although the privacy of individual employees' records is undoubtedly necessary to
achieve this goal, so too is the confidentiality of employer information. As the U.S. Department
of Labor noted in proposed revisions to the rules governing federal-state unemployment
compensation programs, "Confidentiality avoids publicity about claimants and employers, and
possible notoriety resulting from publicity. Publicity could have disrupting effects on the
operations of the State agency, would be likely to discourage many individuals from claiming a
statutory entitlement, and as likely act as a disincentive for employers to cooperate with the State
agency in the administration of the State law." 57 Fed. Reg. 10,066 (1992) (proposed Mar. 23,
1992) (emphasis added). It is reasonable to presume that our state legislature reached a similar
conclusion and intended to guard as confidential not only employee information but also employer
information that the Commission gathers in discharging its duties under the Texas Unemployment
Compensation Act.

 The Attorney General has interpreted the Unemployment Compensation Act's
confidentiality provisions as applying to "all information [the Commission] collects on reports it
obtains pursuant to section [202.091 of the Labor Code and] all the information in the records [the
Commission] secures from the employing unit's files." Tex. Att'y Gen. ORD-599 (1992). 
Although they are not binding on us, this Court gives due consideration to Attorney General
decisions, especially in cases involving the Open Records Act under which the Attorney General
has a mandate to determine the applicability of exceptions to public disclosure. Hancock v. State
Bd. of Ins., 797 S.W.2d 379, 381 (Tex. App.--Austin 1990, no writ); see also Tex. Gov't Code
Ann. § 552.301 (West 1994). We further note that after the Attorney General's Open Records
Decision 599 was issued in January 1992, the legislature recodified the Unemployment
Compensation Act at its present location in the Labor Code without substantive revision. See Act
of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1274. "[W]hen a
statute is reenacted without material change, it is generally presumed that the legislature knew and
adopted or approved the interpretation placed on the original act, and intended that the new
enactment should receive the same construction as the old one." Lumbermen's Underwriters v.
State Bd. of Ins., 502 S.W.2d 217, 220 (Tex. Civ. App.--Austin 1973, writ ref'd n.r.e.); see also
Humble Oil & Ref. Co. v. Calvert, 414 S.W.2d 172, 180 (Tex. 1967). In fact, one of the few
modifications made to section 202.091 during the recodification was to change the phrase
"information thus obtained" to "employment information thus obtained"--the term the Attorney
General used in its decision to describe generally the information the Commission obtains from
employers. Compare Act of June 24, 1983, 68th Leg., 1st C.S., ch. 1, § 2, 1983 Tex. Gen.
Laws 1, 7 with Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987,
1061 (now codified at Tex. Lab. Code Ann. 202.091 (West 1994) (emphasis added)). Viewing
the Labor Code's provision against this backdrop of policy and legislative acquiescence, we agree
with the Attorney General that all information the Commission obtains from employer reports and
records pursuant to its authority under section 202.091 is exempted from disclosure.

 Rainbow further argues that the information it requested was not the same
information addressed in the Attorney General's Open Records Decision 599 and that the
Commission was therefore required to request a determination of the information's confidentiality. 
See Tex. Gov't Code Ann. §§ 552.301, .302 (West 1994) (failure to request decision from
Attorney General within ten days of receiving written request for information results in
presumption that information is public). In Decision 599, the Attorney General determined that
an employer's SIC code, (2) information indicating the number of employees working for an
employer, and information indicating whether an employer filed quarterly tax reports were all
excepted from public disclosure under the Open Records Act. However, the decision also made
clear that all other information the Commission obtains from employer reports and records under
Unemployment Compensation Act section 202.091 is exempt from disclosure. Two subsequent
informal letter opinions issued in response to Commission requests for determinations restated the
Attorney General's position that "the confidentiality of this provision extends to all information
on reports or records [the Commission] obtains from an employer." Tex. Att'y Gen. OR 92-201;
OR 92-97. Because the information Rainbow requested is obtainable only from employer reports,
the Commission was entitled to rely on these "previous determinations" of the Attorney General
in declining to request a further opinion. See Tex. Gov't Code Ann. § 552.301 (West 1994). (3) 
In light of the foregoing, we hold that the Commission properly denied Rainbow's request for
information and that the trial court properly denied Rainbow's petition for writ of mandamus. We
overrule Rainbow's second and third points of error.

 Having concluded that the trial court correctly determined that Rainbow's requested
information is exempt from public disclosure as a matter of law, we need not address Rainbow's
claims under the Uniform Declaratory Judgment Act. We overrule Rainbow's first point of error
and affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 3, 1995

Publish
1.   Because appellee Grossenbacher was sued in his official capacity only, we will refer
to the appellees jointly as the "Commission."
2.   The Attorney General also found that the employer's identification number assigned
by the Commission was made confidential by federal administrative regulations, not by
the Labor Code's exemption of "employment information" obtained by the Commission.
3.   Rainbow suggests in its brief that the information it sought may have been
obtainable from sources other than the employer reports collected by the Commission and
that the trial court should therefore have conducted an in camera review of Commission
documents. However, we find no evidence supporting this assertion in the record. 
Because "[i]t is presumed that all public officials will honestly perform their official
duties," the trial court properly believed that the Commission would have had to resort to
information obtained from employer reports to comply with Rainbow's request. Mexia
Indep. Sch. Dist. v. City of Mexia, 133 S.W.2d 118, 122 (Tex. 1939); see also Kavanaugh v.
Underwriters Life Ins. Co., 231 S.W.2d 753, 756 (Tex. Civ. App.--Waco 1950, writ ref'd)
("The law presumes that public officials will perform their duty diligently, fairly and
efficiently to all concerned."). Having created no evidentiary record that the information it
sought was available to the Commission from sources other than employer reports or records,
Rainbow was not entitled to an in camera inspection of the Commission's documents by the
trial court.