Charles D. YOUNG, Appellant

v.

DEL MAR HOMES, INC., Appellee.

No. B2399.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1980.

Robert A. Markowitz, Houston, for appellant.

James M. York, Houston, for appellee.

Before COULSON, MILLER and SALAZAR, JJ.

MILLER, Justice.

This is a suit for the recovery of commissions allegedly due appellant. Trial below was to the court, which found that appellant was not entitled to commissions on new homes sold after April 6, 1978. The court reasoned that the Real Estate Licensing Act was not complied with in that no written contract relating to the commissions was in existence, and the appellant did not plead and prove he was a licensed real estate broker or salesman. We reverse and render.

Appellant, Charles D. Young (Young) was hired by appellee, Del Mar Homes, Inc., (Del Mar) in 1974 or 1975 to sell homes that Del Mar had erected upon real estate bought by it. Young received $1,500.00 per month plus a commission which varied from a set amount per house in the beginning of his employment with the company to 1½ to 3 percent of the sales price of each home he sold in the later years.

In March of 1978 Young and Del Mar began having conversations concerning Young's continued employment. Young did not want to move into a new subdivision (Lexington Woods) to sell homes that Del Mar was constructing there, and Del Mar's position was that Young would have to sell for it 100% of the time or not at all. Several weeks later Del Mar discovered that Young had a conflict of interest in that he was going into his own building business. This, plus the fact that Young would not sell homes in the new subdivision, led to Young leaving Del Mar's employ on April 6, 1978.

Before his termination, Young found buyers for, and had secured earnest money contracts on, some 24 Del Mar homes which were ultimately sold after he left Del Mar. The commissions on these homes allegedly due Young total $19,551.00, which Del Mar refuses to pay.

Young brought suit for the commissions and the trial court, sitting without a jury, rendered judgment for Del Mar. In its findings of fact and conclusions of law the court found that Young was a licensed real estate broker and that he performed services that a real estate broker normally provided. In addition, the court found that no writing evidencing a compensation agreement was in existence. The court concluded that, under the Real Estate Licensing Act of Texas, a person performing the services of a real estate broker cannot sue for a real estate commission without pleading that he is licensed and unless there is a writing evidencing the agreement under which the action for compensation is brought. Young appeals, alleging 3 points of error.

In his second point of error Young asserts that the lower court erred by failing to find that he, and the transactions for the sales of homes and land on which said homes were situated, were exempt from the provisions of the Real Estate License Act, Tex. Rev.Civ.Stat.Ann. art. 6573a (Vernon Supp. 1980). Specifically, Young asserts subsection 3(f) of the act controls, and that because of this the requirements of subsections 20(a) and (b) (which require a license and a written agreement before suit may be brought for real estate commissions) do not apply.

Subsection 3(f) of art. 6573a on which Young relies provides:

Sec. 3. The provisions of this Act shall not apply to any of the following persons and transactions, and each and all of the following persons and transactions are hereby exempted from the provisions of this Act, to wit:

(f) a salesperson employed by an owner in the sale of structures and land on which said structures are situated, provided such structures are erected by the owner in the due course of his business.

Subsections 20(a) and (b), on which Del Mar bases its argument and on which the trial court granted judgment for Del Mar provides in pertinent part:

Sec. 20(a) A person may not bring or maintain an action for the collection of compensation for the performance in this state of [brokerage acts] without alleging and proving that the person ... was a duly licensed real estate broker or salesman....

(b) An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought ... is in writing and signed by the party to be charged....

This is a case of first impression in Texas, as there are no cases which interpret the scope of the 1975 exemptions of which 3(f) is a part. Also there is no authority to guide us as to the extent §§ 20(a) and (b)

limit actions brought for real estate commissions in Texas.

There are, however, several guidelines which we must follow in interpreting any statute enacted by the legislature. The most fundamental rule of statutory construction that must control our interpretation is that we must ascertain, if possible, the intention of the Legislature as expressed in the language of the statute. *Calvert v. Texas Pipe Line Co.*, 517 S.W.2d 777 (Tex.1974). In ascertaining this intent, we must examine the entire statute or act and not merely an isolated portion thereof. *Id. See also State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979). We must also, in analyzing a statute, construe the law as written, and, if possible, ascertain its intention from the language used therein, and not look for extraneous reasons to be used as a basis for reading into a law an intention not expressed or intended to be expressed therein. *Government Personnel Mutual Life Insurance Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525 (1952). Finally, we are not to adopt a construction and meaning of a statute that rests on an assumption that the legislative body, in passing the legislation, intended to do unfair, unjust, or unreasonable things. *See* 53 Tex.Jur.2d *Statutes* § 166 (1964); *Fleming v. Entzminger*, 569 S.W.2d 54 (Tex. Civ.App.–Austin 1978, no writ); *Cole v. Texas Employment Commission*, 563 S.W.2d 363 (Tex.Civ.App.–Fort Worth 1978, writ dism'd).

With these rules of statutory construction in mind we hold that subsection 3(f) totally exempts Young from complying with *any and all* requirements of art. 6573a, including §§ 20(a) and (b). We reach this conclusion because we believe the intent of the legislature was clearly expressed in the exact terms of subsection 3 and because any other interpretation would be unreasonable and unjust.

Section 3 specifically and unequivocally states that *"The provisions of this Act shall not apply to . . .* (f) a salesperson employed by an owner in the sale of structures. . . ."* (emphasis added). Nothing in this language indicates that the legislature intended anything less than total, absolute exemption for the persons listed. This interpretation of the statute is correct we feel, notwithstanding the generally recognized rule that where exceptions or provisos to a general law are involved, they will be somewhat narrowly construed. *Williams v. State*, 514 S.W.2d 772 (Tex.Civ.App.–Beaumont 1974, writ ref'd n. r. e.); *Stubbs v. Lowrey's Heirs*, 253 S.W.2d 312 (Tex.Civ. App.–Eastland 1953, writ ref'd n. r. e.); *Gulf States Utilities Co. v. State*, 46 S.W.2d 1018 (Tex.Civ.App.–Austin 1932, writ ref'd).

Further, we feel this is the proper interpretation of subsection 3(f) because if Del Mar's construction applied it would render this exemption meaningless. Del Mar initially argues that the exemption of subsection 3 enables unlicensed persons to work in the real estate field *unless they are performing "acts of a broker"*, and does not allow suits to recover commissions except by licensed brokers, salesmen, and attorneys and then *only* if the commission agreement is in writing and signed by the party to be charged. The definition of an act of a broker is provided in § 2 of art. 6573a. It is extremely broad and encompasses every conceivable act dealing with the purchase and sale of real estate imaginable. It would be impossible to be a salesman under 3(f) and not engage in the act of a real estate broker under § 2. In effect, a salesman under Del Mar's interpretation would never be exempt from the act, and 3(f) would therefore be rendered meaningless.

Del Mar also argues that even ignoring the exemption, Young must still comply with §§ 20(a) and (b). Del Mar asserts that while the exemption will entitle one such as Young to work and be paid as a salesman without a license, he cannot sue for any unpaid commissions unless the requirements of §§ 20(a) and (b) are met. This interpretation, in our opinion, also misses the intention the legislature had in enacting art. 6573a. The right to work and be paid as a salesman under exemption 3(f) is worth little if the same salesman is not allowed to sue for unpaid commissions because of §§ 20(a) and (b). Aside from this unjust

and unfair result there is just no indication anywhere that the legislature intended to exempt a salesperson from complying with only certain sections of the act.

Under this interpretation of the Real Estate License Act, if Young falls into the category of the 3(f) exemption then it was not necessary for him to plead and prove the requirements of §§ 20(a) and (b).

■ It is our opinion that Young was indeed a salesperson fitting the requirements of 3(f). It is clear from the record that Young was working in the capacity of a salesperson in the employ of Del Mar. Del Mar's representative testified that Young was hired to sell homes and that Young was not hired in any other capacity. Young was required to be at the place of business to sell homes on certain days of the week and a required number of hours per day. Young was furnished an office just as any other employee, as well as free stationery, business cards, telephone, secretarial assistance and bookkeeping services. In addition Young was paid a $1,500.00 per month "draw against commission", which was, in effect, a salary because no portion of it was returnable in the event Young did not earn $1,500.00 in commissions in any particular month. All this evidence supports our finding that Young's relationship with Del Mar was one of a salesman, and also indicates that an employer/employee relationship existed. Finally, it was established by undisputed evidence that Young was employed by Del Mar to sell homes which Del Mar erected on land which it owned, and that these homes were erected by Del Mar in the due course of its business.

Proving all of the above, Young brought himself squarely within the provisions of the subsection 3(f) exemption and because of our construction of this provision we hold that Young is not required to plead and prove that he was a licensed real estate broker nor is it necessary that a written agreement for the commissions be in existence before he may sue for them.

Del Mar did not contest the contracts or the rate of commission used to arrive at the $19,551.00 commission figure which Young alleges is due him, thus we hold this figure to be correct. Holding that Young need not comply with the provisions of the Real Estate Licensing Act, and finding that the amount sued for is an accurate reflection of the amount due him, we must reverse and render judgment for Young in the amount of $19,551.00.