Betty KING, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION and Tarrant County Junior College, Appellees.**

No. 2–85–220–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 10, 1986.

Rehearing Denied Oct. 15, 1986.

Don E. Peavy, Sr., Fort Worth, for appellant.

Camp, Jones, O'Neill & Hart, H. Harman Camp, Fort Worth, for appellees.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a summary judgment granted to the defendants in a breach of contract suit.

We affirm.

On January 29, 1980, Betty King, plaintiff/appellant (hereinafter referred to as appellant), sustained an accidental injury while in the course of her employment with Tarrant County Junior College, hereinafter TCJC.

Subsequent to her injury, appellant filed a claim for workers' compensation benefits. The claim proceeded to a hearing before the Industrial Accident Board, hereinafter IAB, which rendered its award of compensation to appellant on April 27, 1981. The award was appealed to the 67th Judicial District Court of Tarrant County.

On April 13, 1983, appellant entered into a compromise settlement agreement with TCJC. The agreement provided for the payment of future medical expenses through April 8, 1993. An agreed judgment was subsequently rendered by the district court which approved the compromise settlement agreement.

Appellant contends that on December 7, 1984, she made demand upon appellees, TCJC and Texas Employers Insurance Association, hereinafter TEIA, for payment of various medical expenses in excess of $3,280.00, and that appellees failed and refused to pay the medical expenses. Appellees did not file a written refusal with the IAB.

After the expiration of 30 days from the date appellees received her written demand for payment, appellant filed suit for breach of contract in the 17th Judicial District Court of Tarrant County, Texas.

■ Appellant contends that TEIA administers the insurance plan of TCJC and processes the claims for compensation and payment of medical benefits on behalf of the self-insured college. Both TCJC and TEIA filed motions for summary judgment. We will first address the propriety of the trial court's granting TCJC's motion.

TCJC filed a motion for summary judgment alleging that:

1) the district court has no jurisdiction because TEX.REV.CIV.STAT.ANN. art. 8307, sec. 5 (Vernon Supp.1986) provides that the IAB "shall have continuing jurisdiction ... to render successive awards ...";

2) that, pursuant to art. 8307, sec. 5 and as a jurisdictional prerequisite to the prosecution of an appeal to the district court, the workers' compensation claimant must plead and prove that his or her claim has been presented to the IAB; and

3) appellant has failed to allege that she has first presented her claim to the IAB.

Appellant's response to TCJC's motion for summary judgment was as follows: "This court has jurisdiction over this case because said case does not fall under the purview of Section 5 of Article 8307, V.A. C.S., for the reason that the instant suit is one to enforce a compromise settlement agreement of pending litigation and not an award of the [IAB]."

In all of her points of error, appellant contends that the district judge erred in granting the motion for summary judgment because summary judgment based on art. 8307, *sec. 12b* was improper. Both parties, in their briefs, address the sole issue of whether summary judgment was proper based on sec. 12b. We note that neither the motion of TCJC nor the response of appellant mention sec. 12b of art. 8307. A review of the transcript shows that the issue of whether the district court had jurisdiction under art. 8307, sec. 12b was raised only in trial briefs/letters to the trial judge from both attorneys.

None of appellant's points of error address whether summary judgment was proper based on the sole ground contained in TCJC's motion, namely whether the trial court had jurisdiction under art. 8307, sec. 5. Therefore, because summary judgment may have been granted,[1] properly or improperly, on the ground set forth in the motion, and the granting of the summary judgment on that ground having not been challenged by appellant, *see Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970), and *Bailey v. Rogers,* 631 S.W.2d 784, 786 (Tex.App.—Austin 1982, no

---

1. A letter from the trial judge contained in the transcript indicates that summary judgment was granted on sec. 12b grounds. However, this letter is not part of the summary judgment

record on appeal and cannot be considered by this Court. *Cf. Frank v. Kuhnreich,* 546 S.W.2d 844, 846 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.).

writ), the summary judgment as to TCJC is affirmed.

Even if we were to take it as true that summary judgment was granted on sec. 12b grounds, *see* TEX.R.CIV.P. 419, the summary judgment must still be affirmed. Section 12b is as follows:

*Whenever in any* compromise settlement agreement approved by the board or in any *agreed judgment approved by the court, any dispute arises concerning the payment of medical,* hospital, nursing, chiropractic or podiatry *services* or aids or *treatment,* or for medicines or prosthetic appliances for the injured employee as provided in Section 7, Article 8306, Revised Statutes, as amended, or *as provided in such* compromise settlement agreements or *agreed judgments, all such disputes* concerning the payment thereof *shall be first presented by any party to the Industrial Accident Board within six months from the time such dispute has arisen* (except where "good cause" is shown for any delay) *for the board's determination. A dispute arises when a written refusal of payment has been filed with the board.* However, when the terms of a compromise settlement agreement or agreed judgment provides an expiration time for the payment of such future health-care benefits, the carrier's payment obligation under the terms of such compromise settlement agreement or agreed judgment to pay such expenses incurred prior to the expiration time provided therein shall cease four years after · the expiration time provided under the terms of such compromise settlement agreement or agreed judgment. *Any final ruling, decision, denial, or award of the board may be appealed by any party according to and under the provisions of Section 5 of Article 8307 of this Act.* The board, however, shall have no jurisdiction to rescind or set aside any compromise settlement agreement approved by the board or any agreed judgment approved by the court.

TEX.REV.CIV.STAT.ANN. art. 8307, sec. 12b (Vernon Supp.1986) (emphasis ours).

Appellant contends that under 12b, she cannot raise a dispute because only appellees can file a written refusal of payment. As we read sec. 12b, any person can present a dispute concerning payment to the IAB. *See id.* One sentence in sec. 12b states that, "[a] dispute arises when a written refusal of payment has been filed with the board." *See id.* We find that this sentence has to do with determining time periods. *See id.* The sentence previous to that one states that "all such disputes ... shall be first presented ... to the [IAB] *within six months from the time such dispute has arisen....*" When the legislature designated at what point a dispute arises, they were merely clarifying what would be the beginning of the six-month period.

█ In construing a statute and its subject matter, reason and effect must be looked to and when a literal enforcement would lead to consequences which the legislature could not have contemplated, courts are bound to presume that such consequences were not intended and adopt a construction that will promote the purpose for which the legislation was passed. *See Salas v. State,* 592 S.W.2d 653, 655 (Tex.Civ.App.—Austin 1979, no writ). *See also Young v. Del Mar Homes, Inc.,* 608 S.W.2d 804, 807 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

█ We do not believe that the legislature intended to require that workers' compensation claimants first present their claims to the IAB before going before the district court, while at the same time giving defendants the power to prevent litigation of disputes by not filing written refusals of payment.

Appellant should have given notice to the IAB asserting that appellees had refused to pay her claim. If, at that point, the IAB had refused to hear the dispute, then appellant would have had cause to go to the district court. This would have been a "final ruling, decision or denial" by the

IAB from which appellant could have appealed to the district court. *See* TEX.REV. CIV.STAT.ANN. art. 8307, sec. 12b. Appellant was required to present her claim to the IAB first. *See id.*

■ TEIA also filed a motion for summary judgment contending that, because it was not a party to the compromise settlement agreement/agreed judgment between TCJC and appellant, it is not liable to appellant for any of the injuries alleged in appellant's First Amended Original Petition.

Attached to TEIA's motion for summary judgment was the affidavit of Royce G. Ogden, District Claims Coordinator for TEIA. In the affidavit, Ogden stated that "[TEIA] did not have in effect any policy of worker's compensation insurance issued to [TCJC] on April 13, 1983, or at any time prior thereto, or at any time relevant to this lawsuit." Ogden further stated that "[TCJC] was self-insured under the Texas Worker's Compensation Laws, and at that time [TEIA] only had a servicing contract with [TCJC] under which it processed claims for [TCJC]."

Appellant filed a response to TEIA's motion for severance and summary judgment contending that TEIA is "the agent" of TCJC and that appellant has dealt directly with TEIA. No affidavits or other summary judgment evidence was attached to or referred to in appellant's response to TEIA's motion.

As to TEIA, summary judgment was also proper. TEIA was not a party to the compromise settlement agreement/agreed judgment. Appellant contended, in its response to TEIA's motion for summary judgment, that TEIA is the agent of TCJC and that she had dealt directly with TEIA. However, no summary judgment proof of these allegations were contained in the record. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979). Appellant's points of error are overruled.

The judgment is affirmed.