Michael Maness, Houston, for appellant.

Robert L. Rouner and James P. Keenan, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thomas B. Elin; a licensed Texas attorney, sued appellee, John C. Neal, a real estate developer, to recover a $195,000 real estate commission allegedly owed him. Appellee, Neal, defended on the grounds that the purported oral agreement was unenforceable as a contract for the payment of a commission in connection with the sale of real estate, since the contract was not reduced to writing in accordance with Section 20(b) of the Texas Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a (Vernon Supp.1986).[1]

**Thomas B. ELIN, Appellant,**

v.

**John C. NEAL, Appellee.**

**No. C14–86–141–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 6, 1986.

---

1. Appellee Neal also defended on the grounds that the alleged oral agreement was unenforceable as a contract for the payment of a commis-

sion in connection with the sale of securities, since Elin was not a registered securities dealer.

The trial court granted Neal's written motion for directed verdict which alleged that the Real Estate License Act barred an attorney from recovering a commission based on an oral agreement.[2] This appeal is taken from the directed verdict in favor of appellee, Neal. We reverse the judgment of the trial court and remand the cause for trial.

Since the statement of facts is not before this court, we rely on the briefs for details of the transaction. According to the briefs, the disputed commission arose in connection with appellant's efforts to secure federally guaranteed financing for four Texas apartment projects for which appellee was the developer. Appellant testified in substance that appellee had agreed to compensate him for his assistance in locating financing for the four projects. Appellee denied he had ever entered into such an agreement with appellant. It is undisputed that the agreement, if any, was not reduced to writing.

We address a single point of error. Appellant here asserts the trial court erred in granting appellee's motion for directed verdict because the provisions of the Texas Real Estate License Act do not apply to an attorney. Having carefully reviewed the specific language of the Act as well as the limited relevant authority, we are forced to agree. We therefore sustain appellant's point of error and hold attorneys exempt from the entire Real Estate License Act.

Appellant relies on the plain terms of Section 3(a) as controlling. He strongly maintains that Section 3, the exemptions provision, renders the statute of frauds provision, Section 20(b), inapplicable to attorneys, thus exempting him from any and all provisions of the Act. Section 3(a) of art. 6573a provides in pertinent part:

Sec. 3. The provisions of this Act shall not apply to any of the following persons and transactions, and each and all of the following persons and transactions are

hereby *exempted from the provisions of this Act,* to wit:

(a) an attorney at law licensed in this state or in any other state. (emphasis added.).

Appellant asserts the language of Section 3 is unambiguous and must be literally interpreted. He further stresses that nothing justifies an appellate court interpreting a statute so clear on its face in order to achieve a result deemed possibly more acceptable.

Appellee argues, on the other hand, that the express language contained in Section 20(b) precludes appellant's recovery of any commission based on an oral agreement:

(b) An action may not be brought in a court in this State for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged
. . .

In a logical and forceful argument, appellee contends the Section 3(a) attorney exemption applies only to the *licensing* requirement and not to the entire Act.

One basis for appellee's contention is his interpretation of the Act itself. Arguing that Section 3 follows the licensing provisions of the first two Sections, appellee maintains the three provisions are logically related and thus must be read together. Appellee further raises the issue of the wording of Section 20(a). That provision mandates a person to show either he was a licensed broker or salesman *or* "a duly licensed attorney at law" in order to maintain an action for a commission. Appellee takes the position that the words "attorney at law" would not appear in Section 20 had the legislature intended to exempt attorneys from the entire Act. A third rationale offered by appellee for exempting attorneys from only the licensing requirement is that it is most unlikely for the legislature to have granted singular privileges to at-

---

**2.** Because the motion for directed verdict did not urge Neal's Securities Act defense, we do not address that issue.

torneys as a class. Finally, appellee maintains that permitting attorneys to seek recovery of commissions based on purported oral agreements would defeat the Act's purpose of protecting the public from fraud.

We are presented with an unusual problem. In construing the Real Estate License Act as a whole, we face the dilemma of appellee's very plausible and rational position being outweighed by the plain words of the Act itself and by precedent we may not ignore. Our research has discovered to date only one case interpreting the scope of the amended Section 3 exemptions provision and relating it to Section 20. However, because the case lies strikingly on point, we rely on it as significant authority for our holding today.

A situation analogous to the one we consider arose in *Young v. Del Mar Homes, Inc.*, 608 S.W.2d 804 (Tex.Civ.App.—Houston [14th Dist] 1980, writ ref'd n.r.e.). There, a salesman employed by Del Mar to sell homes constructed on site by Del Mar sued his employer to recover real estate commissions. The trial court rendered judgment for defendant Del Mar, finding plaintiff Young did not comply with the Real Estate License Act, in that no written contract relating to the commissions existed. The trial court also found Young had not pleaded he was a licensed broker or salesman. The court of appeals reversed and rendered judgment for Young, holding that Young, as an on-site real estate salesman, fell squarely within the provisions of the Section 3(f) exemption, and need not comply with the provisions of the Real Estate License Act.[3]

In a strongly worded opinion, the *Young* court concluded Section 3(f) totally exempted Young from complying with any and all requirements of the Act. The court reached this conclusion because "the intent of the legislature was clearly expressed in the exact terms of subsection 3 (sic) and because any other interpretation would be unreasonable and unjust." *Young*, 608 S.W.2d at 807.

Section 3 specifically and unequivocally states, "The provisions of this Act shall not apply to any of the following persons and transactions...." Among ten listed exemptions are included a licensed attorney at law and an on-site real estate salesperson. We thus have no alternative but to find, as did the court in *Young*, that "[n]othing in this language indicates that the legislature intended anything less than total, absolute exemption for the persons listed." *Id.*

Our holding is reinforced by a fundamental principle of statutory construction. It is well established that a court should seek out the intent of a statute in construing it. However, such intent must be found in the language of the statute and not elsewhere. It is of course appropriate for a court to reach beyond statutory language in an ambiguous statute by reviewing the legislative history to ascertain intent. *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 109 (1961). However, a court may not look to extraneous reasons merely to justify its own interpretation of legislative intent not expressed in the statute. *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984); *Government Personnel Mut. Life Ins. Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525, 529 (1952). When legislative intent is as unambiguous and clearly expressed in a statute as it is in the Act we now consider, we will not attempt to interpret or construe the law beyond the language of the statute. *Lumbermen's Underwriters v. State Bd. of Insurance*, 502 S.W.2d 217, 219 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

Appellee argues forcefully the illogicality of presuming the legislature intended to create a super class of attorneys. Also

---

**3.** The provision reads:

Sec. 3. "[The] following persons ... are hereby exempted from the provisions of this Act, to wit:

\* \* \* \* \* \*

(f) a salesperson employed by an owner in the sale of structures and land on which said structures are situated provided such structures are erected by the owner in the due course of his business."

impressive is his public policy argument: Why would the legislature intend to defeat the Act's purpose of protecting the public from potential fraud? To these arguments, and to appellee's compelling interpretation of the related provisions of the Act, we reply simply with the plain language of the Act itself and with precedent.

We are well aware that appellee's position merits serious consideration. However, this court will not usurp a legislative function by interpreting legislation to achieve what may be perceived as a more logical result. Any defects or deficiencies in the Real Estate License Act must be corrected by the legislature and not by this or any other court. *Armstrong v. Harris County*, 669 S.W.2d 323, 328 (Tex.App.— Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Holding that appellant Elin need not comply with the provisions of the Real Estate License Act, we reverse the judgment of the trial court and remand the cause for trial.