COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-429-CV

CARY WILSON AND AMERICAN APPELLANTS

ENVIRONMENTAL SPECIALTIES, INC. 

V.

JERROLD ANDREWS AND INTERCON APPELLEES

ENVIRONMENTAL, INC. 

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Cary Wilson and American Environmental Specialties, Inc. (“American”) appeal the no-evidence summary judgment granted in favor of Appellees Jerrold Andrews and Intercon Environmental, Inc. (“Intercon”).  In five issues, Appellants argue that the trial court erred by (1) granting Appellees’ no-evidence motion on Appellants’ breach of contract claim; (2) granting Appellees’ no-evidence motion on Appellants’ quantum meruit claim; (3) granting Appellees’ no-evidence motion on Appellants’ conversion claim; (4) granting Appellees’ no-evidence motion on Appellants’ claim for attorney’s fees; and (5) disposing of Appellants’ unjust enrichment claim in the summary judgment.  We affirm in part and reverse and remand in part.  Because we hold that Appellants did not assign error to all of Appellees summary judgment grounds on the breach of contract and quantum meruit claims and that the trial court did not err by granting summary judgment on the conversion claim or by ruling against Appellants on their claim for attorney’s fees, we affirm the summary judgment as to those claims.  Because we hold that the trial court erred by granting summary judgment on the unjust enrichment claim against both Appellees, we reverse the summary judgment on that claim and remand the claim to the trial court.

Facts
 
and Procedural History

The undisputed facts in this case are as follows:  Wilson is the majority shareholder of American, a company that engages in asbestos abatement and removal.  American had a number of asbestos abatement contracts and/or pricing agreements (“asbestos contracts”) with various organizations.  At one time, Andrews worked for American, but he left American to start Intercon.  Wilson, on behalf of American, transferred to Intercon some or all of American’s asbestos contracts.

In 2004, Appellants filed suit against Appellees.  In the petition, Appellants alleged that after Andrews started Intercon, the parties agreed that Wilson and American would transfer the then-current asbestos contracts to Intercon, and in return Wilson would receive fifty percent of the net profits resulting from the transfer.  Appellants alleged that it was Wilson’s understanding that he would also receive fifty percent of the net profits from all of Intercon’s future asbestos contracts.  Appellants further alleged that the value of the transferred asbestos contracts “potentially exceeded millions of dollars, depending upon the amount of work called for by the respective entities” under the asbestos contracts.  According to the petition, Appellees took control of vehicles, equipment, and tools owned by Appellants but failed to and refused to tender any form of consideration or compensation for the transferred asbestos contracts or the equipment and vehicles.  Based on these allegations, Appellants asserted claims of breach of contract, quantum meruit, unjust enrichment, conversion, and attorney’s fees.

In response, Appellees filed a no-evidence motion for partial summary judgment on Appellants’ breach of contract, quantum meruit, conversion, and attorney’s fees claims.  Appellees asserted that Appellants could produce no evidence on each of the elements of Appellants’ causes of action.  Because Appellees had a counterclaim against Appellants still at issue the motion sought only partial summary judgment.  On July 13, 2006, the trial court granted the summary judgment and ordered that Appellants “take nothing by way of their claims” against Appellees.  The trial court did not specify the grounds for the judgment.  The trial court’s judgment states that by agreement, Appellees dismissed without prejudice their counterclaim against Appellants in order to make the summary judgment final.  The trial court’s judgment also states that “THE COURT FURTHER FINDS that this final summary judgment disposes of all claims for relief by, between, and among the parties, and that this judgment is the final disposition of this matter.”

Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.
(footnote: 2)  The motion must specifically state the elements for which there is no evidence.
(footnote: 3)  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.
(footnote: 4)
 When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.
(footnote: 5)  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.
(footnote: 6) Less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact.
(footnote: 7)  More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.
(footnote: 8)  A genuine issue of material fact is raised by presenting evidence on which a reasonable jury could return a verdict in the nonmovant’s favor.
(footnote: 9)
 When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.
(footnote: 10)  When the trial court’s judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made.
(footnote: 11)
Analysis

Breach of Contract

Appellants argue in their first issue that the trial court erred by granting Appellees’ no-evidence motion on Appellants’ breach of contract claim because they provided the trial court with summary judgment proof raising fact issues on their claim.  Appellees’ summary judgment motion alleged that there is no evidence to show:  (1) the existence of an enforceable contract between Appellants and Appellees; (2) a breach of any material term of such contract, if any; and (3) that any alleged breach caused any injury to Appellants.  Appellees further asserted that enforcement of the alleged contract was barred by the statute of frauds because Appellants admitted that no writing memorializing any such contract exists.  Finally, Appellees maintained that Appellants could not quantify any damages associated with this claim and could not articulate such damages with reasonable particularity, or show that any alleged breach of an agreement was the producing cause of damages to Appellants.

On appeal, Appellants do not argue that the trial court erred by granting summary judgment on Appellees’ assertion of the statute of frauds.  The statute of frauds is an affirmative defense.
(footnote: 12)  Appellees retained the burden of conclusively establishing all of the elements on this defense as a matter of law such that there is no genuine issue of material fact,
(footnote: 13) and thus they could not properly move for no-evidence summary judgment on the statute of frauds.
(footnote: 14)  Because Appellants do not assign error on this issue, however, we cannot reverse the summary judgment on this ground.
(footnote: 15)  Because summary judgment may have been granted on the breach of contract claim on this ground, even if improperly, we must affirm the summary judgment on the breach of contract claim.
(footnote: 16)  We overrule Appellants’ first issue.

Quantum Meruit

In their second issue, Appellants assert that the trial court erred by granting summary judgment on their claim for quantum meruit.  A plaintiff seeking to recover in quantum meruit under an implied promise to pay must show that (1) valuable services or material were furnished; (2) for the defendant; (3) the services or materials were accepted, used, and enjoyed by the defendant; and (4) the circumstances reasonably notified the defendant that the plaintiff was expecting to be paid by the defendant for the services or materials.
(footnote: 17)  Appellees’ summary judgment motion asserted that Appellants could not show any of these elements.  Appellees further asserted that Appellants could not quantify with reasonable particularity the value of work or materials they claimed to have provided to Appellees or what value the work or materials may have been to Appellees.

Appellees also claimed that Appellants could not recover under this theory because they did not have “clean hands.”  They characterized Appellant’s actions over the months leading up to the summary judgment as a “fishing excursion” and claimed that Appellants’ actions unnecessarily prolonged the litigation for months, “chased by the money [Appellees] have been forced to spend in the meantime on legal fees.”  Appellants do not complain about the summary judgment on this ground.

The doctrine of “clean hands” is sometimes asserted as an affirmative defense to an equitable claim.
(footnote: 18)  As previously stated, a party may not properly move for a no-evidence summary judgment on an affirmative defense.
(footnote: 19)  But because the trial court may have granted summary judgment on this ground, albeit improperly, yet Appellants do not assign error on this ground, we must affirm the summary judgment on Appellants’ claim for quantum meruit.
(footnote: 20)  We overrule Appellants’ second issue.

Conversion

In Appellants’ third issue, they contend that the trial court erred by granting summary judgment on their conversion claim.  Appellees alleged in their summary judgment motion that Appellants had no evidence on any of the elements of conversion.  Specifically, they alleged that:  (1) Appellants could not establish that they owned or had legal possession or entitlement to possession of the disputed property; (2) Appellants could not show that Appellees exerted or were continuing to exert unauthorized and wrongful assumption of the property inconsistent with the rights of Appellees; (3) Appellants could not establish that they had demanded the return of the property; and (4) Appellants could not establish that Appellees refused to return the property following a demand by Appellees.

In response (and on appeal), Appellants pointed to their summary judgment evidence, contending that Wilson’s affidavit identified seventeen categories of items owned by either Wilson or American that either Andrews or Intercon wrongfully took and retained possession of.  The response, and Wilson’s affidavit, further asserted that Wilson had made a demand upon Appellees and that the demands were ignored.

Because Wilson is an interested witness, his affidavit can serve as competent summary judgment evidence “if [it] is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.”
(footnote: 21)  Wilson’s affidavit states that Appellees “took control of vehicles, equipment and tools [“the equipment”] owned by either [Wilson] or American,” and that the equipment was “taken
 without [Wilson’s] or American’s consent or authorization
.”  [Emphasis added]  But his affidavit also specifically incorporates by reference a document in which Wilson states that American has sold its asbestos abatement division, “inclusive but limited to its contracts, 
equipment
 and accounts,” to Intercon.  [Emphasis added].  His affidavit also incorporates a letter to a City of Fort Worth employee in which he states that American sold its asbestos abatement division to Intercon, and that the sale “consists of all environmental clientele, leads, prospects, proposals, contracts, 
equipment
, 
vehicles
 and accounts receivables as of March 5, 2004.”  [Emphasis added]  Appellants also incorporated by reference a letter from Intercon to a city of Fort Worth employee stating that Intercon has acquired the asbestos abatement division of American, “inclusive of its
 equipment, materials, vehicles
, contracts, bids, proposals, and new accounts receivable as of March 5, 2004.”  [Emphasis added]  These statements, incorporated into the affidavit, directly contradict Wilson’s statements that the equipment was taken without consent or authorization.  Thus, his affidavit is not clear and free from contradiction and is not competent summary judgment evidence, at least on this point.  Appellants offered no other evidence on the matter.  Appellants therefore produced no evidence to show that Appellees exerted or were continuing to exert unauthorized and wrongful assumption of the equipment inconsistent with the rights of Appellees.  Consequently, the trial court did not err by granting summary judgment on Appellants’ conversion claim.  We overrule Appellants’ third issue.

Attorney’s Fees

In their fourth issue, Appellants allege that the trial court erred by granting summary judgment on their claim for attorney’s fees.  Because Appellants have not obtained a favorable final judgment on any of their claims, we overrule this issue.
(footnote: 22)
Unjust Enrichment

In their fifth issue, Appellants contend that Appellees’ motion for summary judgment did not separately assert grounds for summary judgment on Appellants’ unjust enrichment claim, but rather addressed only Appellants’ quantum meruit claim, and thus summary judgment on the unjust enrichment claim was improper.  Appellants’ petition alleged that Appellees were “unjustly enriched by receiving benefits from the [asbestos contracts], . . . for which [Appellants] have not been paid.”  We make no comment on whether Appellants have a valid claim for unjust enrichment separate from their quantum meruit claim, or on whether Appellants met the pleading requirements for a claim based on unjust enrichment sufficient to avoid special exceptions.  Rather, we merely note that Appellants did assert such a claim as an alternative to their quantum meruit claim.  Appellees’ motion made no mention of the unjust enrichment claim.  Summary judgment may not be granted on a cause of action not addressed in a summary judgment motion.
(footnote: 23)
 Appellees contend in their brief that Appellants’ petition asserted no claims against Appellee Andrews individually and thus the summary judgment for Andrews should be affirmed in all respects.  But in the petition, Appellants stated that “
both
 Andrews and Intercon have been unjustly enriched by receiving benefits from the [asbestos contracts] transferred [by Appellants] to Intercon, but for which [Appellants] have not been paid.  Thus, 
Defendants
 have been unjustly enriched.”  [Emphasis added].  Consequently, Appellants asserted an unjust enrichment claim against both Andrews individually and Intercon that was not addressed by the summary judgment motion.  We sustain Appellants’ fifth issue.

Because the trial court improperly granted summary judgment against Appellants on their unjust enrichment claim, we reverse the summary judgment on the unjust enrichment claim against both Andrews and Intercon and remand that claim to the trial court.

Conclusion

We reverse and remand in part and affirm in part.  Having sustained Appellants’ fifth issue as to their unjust enrichment claim, we reverse the trial court’s summary judgment in part and remand that claim to the trial court.  We affirm the trial court’s summary judgment on all remaining claims.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. R. Civ. P.
 166a(i).

3:
Id
.;
 Johnson v. Brewer & Pritchard
,
 P
.
C
.,
 
73 S.W.3d 193, 207 (Tex. 2002).

4:
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002).

5:
Sudan v. Sudan
, 199 S.W.3d 291, 292 (Tex. 2006).

6:
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

7:
Kindred v. Con/Chem
,
 Inc.
, 650 S.W.2d 61, 63 (Tex. 1983).

8:
Ford Motor Co. v. Ridgway
, 135 S.W.3d 598, 601 (Tex. 2004); 
Merrell Dow Pharm.
,
 Inc. v. Havner
, 953 S.W.2d 706, 711 (Tex. 1997).

9:
Moore
, 981 S.W.2d at 266; 
see also
 
Anderson v. Liberty Lobby
,
 Inc.
, 477 U.S. 242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting 
Fed. R. Civ. P.
 56).

10:
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram
,
 Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell v. State Farm Mut. Auto. Ins. Co
, 896 S.W.2d 170, 173 (Tex. 1995).

11:
Scott v. Galusha
, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

12:
Tex. Bus. & Com. Code Ann.
 § 26.01 (Vernon Supp. 2006); 
Tex. R. Civ. P.
 94.

13:
See Moritz v. Bueche
, 980 S.W.2d 849, 856 (Tex. App.—San Antonio 1998, no pet.).

14:
See Thomas v. Omar Invs.
,
 Inc.
, 156 S.W.3d 681, 685 (Tex. App.—Dallas 2005) (nunc pro tunc op.); 
see also Nowak v. DAS Invs.
, 110 S.W.3d 677, 679 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

15:
See Pat Baker Co. Inc. v. Wilson
, 971 S.W.2d 447, 450 (Tex. 1998) (noting that an appellate court cannot reverse on “unassigned error,” i.e., a ground not presented in the appellate briefs);
 see also Vawter v. Garvey
, 786 S.W.2d 263, 264 (Tex. 1990).

16:
See King v. Tex. Employers’
 
Ins. Ass'n
, 716 S.W.2d 181, 182-83 (Tex. App.—Fort Worth 1986, no writ); 
and Humane Soc’y of Dallas v. Dallas Morning News, L.P.
, 180 S.W.3d 921, 923 (Tex. App.—Dallas 2005, no pet.).

17:
Residential Dynamics
,
 LLC v. Loveless
, 186 S.W.3d 192, 198 (Tex. App.—Fort Worth 2006, no pet.).

18:
Adams v. First Nat’l Bank of Bells/Savoy
, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.) (“The affirmative defense of ‘unclean hands’ requires that a party seeking equity must come with clean hands.”).

19:
See Thomas
, 156 S.W.3d at 685; 
see also Nowak
, 110 S.W.3d at 679.

20:
See King
, 716 S.W.2d at 182-83; 
and Humane Soc’y of Dallas
, 180 S.W.3d at 923;
 see also Vawter
, 786 S.W.2d at 264.

21:
Tex. R. Civ. P.
 166a(c); 
see Haynes v. City of Beaumont
, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.);
 see also Residential Dynamics
,
 LLC
, 186 S.W.3d at 198.

22:
See
 
Green Int’l
,
 Inc. v. Solis
, 951 S.W.2d 384, 390 (Tex. 1997) (“To recover attorney's fees under Section 38.001, a party must . . . prevail on a cause of action for which attorney's fees are recoverable”); 
Rocha v. Merritt
, 734 S.W.2d 147, 148 (Tex. App.—Houston [1st Dist.] 1987, no writ) (“Attorney's fees are recoverable only if the claimant finally obtains judgment.”).

23:
Science Spectrum Inc. v. Martinez
, 941 S.W.2d 910, 912 (Tex. 1997); 
Chessher
 
v. Sw. Bell Tel. Co.
, 658 S.W.2d 563, 564 (Tex. 1983)
.