

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00347-CV

JIMMY D. HAND                                                                 APPELLANT

V.

OLD REPUBLIC NATIONAL                                                          APPELLEE
TITLE INSURANCE COMPANY

----------

## FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jimmy D. Hand appeals the trial court's order granting summary judgment for Old Republic National Title Insurance Company (Old Republic). We will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

# I. Background Facts

Hand's neighbor, Glen Jones, sued Hand over a rock wall that Hand built along the border separating their properties.[2]  Specifically, Jones claims that the rock wall "fails to follow the true boundary line and encroaches upon the boundary of [his] property."  Jones sued for trespass to try title and adverse possession.[3]

Hand filed a claim with his insurance company, Old Republic, and requested that it intervene and defend against the action.  Old Republic denied the claim on the basis that Hand's policy explicitly excludes coverage for "[a]ny discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments, or any overlapping of improvements" and   "[r]ights of parties in possession."  Hand subsequently filed a third party petition against Old Republic in the underlying case and asserted claims based on Old Republic's denial of coverage including breach of contract and violation of the Texas Deceptive Trade Practices Act.

On March 26, 2010, Old Republic filed a motion for summary judgment. Hand responded on April 29, 2010.  After a hearing on the motion, Hand filed a motion for leave to supplement his response.  Hand sought to include Old

---

[2]Jones also sued over the location of a boat dock that Hand had constructed, but the trial court granted summary judgment in favor of Hand on those claims, which are not before us.

[3]Jones also sued for encroachment, interference, and nuisance, but only as to the location of the boat dock.  Thus, those claims are not before us.

Republic's responses to his requests for production, which he claims demonstrated that Old Republic "did not have any policies or procedures in place for the denial of coverage and denial of providing a defense to Hand in this matter." The motion states that it was served on counsel on May 14, 2010, but according to the file stamp, it was not filed with the trial court until May 17, 2010.

The trial court notified the parties in a letter dated May 15, 2010, that it would be granting Old Republic's motion for summary judgment. The order was signed on June 3, 2010. No order from the trial court regarding Hand's motion for leave appears in the record. Old Republic moved to sever the claims against it, and the trial court granted the motion. Hand then filed this appeal.

## II. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

3

## III. Discussion

### A. Summary Judgment

In his first two issues, Hand argues that the trial court erred in granting Old Republic's motion for summary judgment. His sole argument on these issues is that Jones failed to plead factual allegations that must be pleaded in order for the "rights of parties in possession" exception to apply. *See Smith v. McCarthy*, 195 S.W.3d 301, 308–309 (Tex. App.—Fort Worth 2006, pet. denied) (noting that the policy holder must have actual notice of possession of the property by a third party). The "rights of parties in possession" exception, however, was not one of the grounds upon which the court granted Old Republic's motion for summary judgment.

In its motion, Old Republic argued two grounds for summary judgment: (1) that because Jones never made a claim to title to any portion of Hand's lot, coverage under Hand's policy was not invoked and (2) that even if Jones were making a claim to Hand's property, all of Jones's claims were based on the location of the boundary line between the two lots and therefore were specifically excluded under the policy. Hand argued to the trial court in his response that Jones did make a claim to Hand's property, but he failed to address the other ground upon which the motion could have been granted. Hand also does not address the boundary line exception on appeal. Because Hand failed to address a ground upon which the motion was granted in the trial court, he did not preserve the issue for appeal. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471,

4

473 (Tex. 1995) ("When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion."). We therefore affirm the summary judgment. *See Bridges v. Citibank (S.D.) N.A.,* No. 02-06-00081-CV, 2006 WL 3751404, at *1 (Tex. App.—Fort Worth Dec. 21, 2006, no pet.) ("When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, and its judgment rests upon more than one independent ground or defense asserted by the movant, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made."); *King v. Tex. Employers' Ins. Ass'n,* 716 S.W.2d 181, 182–83 (Tex. App.—Fort Worth 1986, no writ) (affirming summary judgment "because summary judgment may have been granted, properly or improperly," on the ground set out in the motion, and the appellant did not challenge that ground); *see also Smith*, 195 S.W.3d at 311 (noting that because the plaintiff's cause of action was excluded under one exception, the court did not need to address whether another alleged exception would apply). We overrule Hand's first and second issues.

## B. Motion for Leave to Supplement Response

In his third issue, Hand argues that the trial court erred in refusing to allow him to supplement his response to Old Republic's motion for summary judgment. We review the denial of a motion for leave to file a late summary judgment

response for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002).

The rules of civil procedure require summary judgment evidence to be filed and served at least seven days before the hearing, unless the court grants permission to file later. Tex. R. Civ. P. 166a(c), (d). Evidence may be filed after the hearing with permission of the court, but no evidence can be filed after the court rules on the motion. *See id*. 166a(c); *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.—San Antonio 1997, writ denied). A motion for leave to file a late summary judgment response or evidence in support thereof should be granted when the nonmovant establishes (1) good cause by showing that the failure to timely file was not intentional or the result of conscious indifference, and (2) that the late filing would cause no undue delay or otherwise injure the summary judgment movant. *Carpenter*, 98 S.W.3d at 685.

Hand acknowledges that his supplemental evidence was submitted out of time. He argues on appeal that he had good cause for missing the deadline and that the filing would cause no undue prejudice. His motion to the trial court, however, fails to offer any excuse for his untimeliness or any argument that granting the motion would not unduly prejudice Old Republic. Hand therefore failed to demonstrate any reason why his motion should have been granted. *See id*. at 688 (holding that a party moving for leave to file a late summary judgment response must establish good cause and no undue prejudice). Because Hand

6

failed to meet his burden, the trial court did not abuse its discretion in refusing his request to supplement his response.  We overrule Hand's third issue.

## IV.  Conclusion

Having overruled all of Hand's issues, we affirm the trial court's judgment.


LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  March 24, 2011

7