02-10-347-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00347-CV

 

 


 
 
 Jimmy D. Hand
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Old Republic National 
 Title Insurance Company
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 97th
District Court OF Montague COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Jimmy D. Hand appeals the trial court’s order granting summary judgment for Old
Republic National Title Insurance Company (Old Republic).  We will affirm the
trial court’s judgment.

I.  Background
Facts

          Hand’s
neighbor, Glen Jones, sued Hand over a rock wall that Hand built along the
border separating their properties.[2]  Specifically, Jones
claims that the rock wall “fails to follow the true boundary line and
encroaches upon the boundary of [his] property.”  Jones sued for trespass to
try title and adverse possession.[3]

Hand
filed a claim with his insurance company, Old Republic, and requested that it
intervene and defend against the action.  Old Republic denied the claim on the
basis that Hand’s policy explicitly excludes coverage for “[a]ny discrepancies,
conflicts, or shortages in area or boundary lines, or any encroachments, or any
overlapping of improvements” and   “[r]ights of parties in possession.”  Hand
subsequently filed a third party petition against Old Republic in the
underlying case and asserted claims based on Old Republic’s denial of coverage
including breach of contract and violation of the Texas Deceptive Trade
Practices Act.

On
March 26, 2010, Old Republic filed a motion for summary judgment.  Hand
responded on April 29, 2010.  After a hearing on the motion, Hand filed a
motion for leave to supplement his response.  Hand sought to include Old
Republic’s responses to his requests for production, which he claims
demonstrated that Old Republic “did not have any policies or procedures in
place for the denial of coverage and denial of providing a defense to Hand in
this matter.”  The motion states that it was served on counsel on May 14, 2010,
but according to the file stamp, it was not filed with the trial court until
May 17, 2010.

The
trial court notified the parties in a letter dated May 15, 2010, that it would
be granting Old Republic’s motion for summary judgment.  The order was signed on
June 3, 2010.  No order from the trial court regarding Hand’s motion for leave
appears in the record.  Old Republic moved to sever the claims against it, and
the trial court granted the motion.  Hand then filed this appeal.

II. 
Standard of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).

III. 
Discussion

A.      
Summary Judgment

In
his first two issues, Hand argues that the trial court erred in granting Old
Republic’s motion for summary judgment.  His sole argument on these issues is
that Jones failed to plead factual allegations that must be pleaded in order
for the “rights of parties in possession” exception to apply.  See Smith v.
McCarthy, 195 S.W.3d 301, 308–309 (Tex. App.—Fort Worth 2006, pet. denied)
(noting that the policy holder must have actual notice of possession of the
property by a third party).  The “rights of parties in possession” exception,
however, was not one of the grounds upon which the court granted Old Republic’s
motion for summary judgment.

In
its motion, Old Republic argued two grounds for summary judgment: (1) that
because Jones never made a claim to title to any portion of Hand’s lot, coverage
under Hand’s policy was not invoked and (2) that even if Jones were making a
claim to Hand’s property, all of Jones’s claims were based on the location of
the boundary line between the two lots and therefore were specifically excluded
under the policy.  Hand argued to the trial court in his response that Jones
did make a claim to Hand’s property, but he failed to address the other ground upon
which the motion could have been granted.  Hand also does not address the boundary
line exception on appeal.  Because Hand failed to address a ground upon which
the motion was granted in the trial court, he did not preserve the issue for
appeal.  See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473
(Tex. 1995) (“When the trial court does not specify the basis for its summary
judgment, the appealing party must show it is error to base it on any ground
asserted in the motion.”).  We therefore affirm the summary judgment.  See Bridges
v. Citibank (S.D.) N.A., No. 02-06-00081-CV, 2006 WL 3751404, at *1 (Tex. App.—Fort
Worth Dec. 21, 2006, no pet.) (“When a trial court’s order granting summary
judgment does not specify the ground or grounds relied on for its ruling, and
its judgment rests upon more than one independent ground or defense asserted by
the movant, the aggrieved party must assign error to each ground, or the
judgment will be affirmed on the ground to which no complaint is made.”); King
v. Tex. Employers’ Ins. Ass’n, 716 S.W.2d 181, 182–83 (Tex. App.—Fort Worth
1986, no writ) (affirming summary judgment “because summary judgment may have
been granted, properly or improperly,” on the ground set out in the motion, and
the appellant did not challenge that ground); see also Smith, 195
S.W.3d at 311 (noting that because the plaintiff’s cause of action was excluded
under one exception, the court did not need to address whether another alleged
exception would apply).  We overrule Hand’s first and second issues.

B.      
Motion for Leave to Supplement Response

In
his third issue, Hand argues that the trial court erred in refusing to allow
him to supplement his response to Old Republic’s motion for summary judgment.  We
review the denial of a motion for leave to file a late summary judgment
response for an abuse of discretion.  Carpenter v. Cimarron Hydrocarbons
Corp., 98 S.W.3d 682, 686 (Tex. 2002).

The
rules of civil procedure require summary judgment evidence to be filed and
served at least seven days before the hearing, unless the court grants
permission to file later.  Tex. R. Civ. P. 166a(c), (d).  Evidence may be filed
after the hearing with permission of the court, but no evidence can be filed
after the court rules on the motion.  See id. 166a(c); Valores
Corporativos, S.A. de C.V. v. McLane Co., 945 S.W.2d 160, 162 (Tex.
App.—San Antonio 1997, writ denied).  A motion for leave to file a late summary
judgment response or evidence in support thereof should be granted when the
nonmovant establishes (1) good cause by showing that the failure to timely file
was not intentional or the result of conscious indifference, and (2) that the
late filing would cause no undue delay or otherwise injure the summary judgment
movant.  Carpenter, 98 S.W.3d at 685.

Hand
acknowledges that his supplemental evidence was submitted out of time.  He
argues on appeal that he had good cause for missing the deadline and that the
filing would cause no undue prejudice.  His motion to the trial court, however,
fails to offer any excuse for his untimeliness or any argument that granting
the motion would not unduly prejudice Old Republic.  Hand therefore failed to
demonstrate any reason why his motion should have been granted.  See id.
at 688 (holding that a party moving for leave to file a late summary judgment
response must establish good cause and no undue prejudice).  Because Hand
failed to meet his burden, the trial court did not abuse its discretion in
refusing his request to supplement his response.  We overrule Hand’s third
issue.

IV. 
Conclusion

          Having
overruled all of Hand’s issues, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  March 24, 2011









[1]See Tex. R. App. P. 47.4.





[2]Jones also sued over the
location of a boat dock that Hand had constructed, but the trial court granted
summary judgment in favor of Hand on those claims, which are not before us.





[3]Jones also sued for
encroachment, interference, and nuisance, but only as to the location of the
boat dock.  Thus, those claims are not before us.