Alexis PICHARDO, Sr., Individually and as Next Friend of Andrew Warren Pichardo and Alexis Pichardo, Jr., Minors; Peggy Pichardo, Individually and as Next Friend of Andrew Warren Pichardo and Alexis Pichardo, Jr., Minors; and Richard Anderson, Appellants,

v.

BIG DIAMOND, INC., d/b/a Big Diamond, Inc. # 723; and Diamond Shamrock Stations, Inc., d/b/a Big Diamond, Inc. # 723 and as Diamond Shamrock, Appellees.

No. 2–06–079–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 18, 2007.

Gaylen L. Groce, Mehl, Williams, Cummings, Fort Worth, for Appellant.

Arlen D. Bynum, Law Office of Arlen D. "Spider" Bynum, Dallas, for Appellee.

Panel A: CAYCE, C.J.; WALKER and McCOY, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

Appellants Alexis Pichardo, Sr., individually and as next friend of Andrew Warren Pichardo and Alexis Pichardo, Jr., minors; Peggy Pichardo, individually and as next friend of Andrew Warren Pichardo and Alexis Pichardo, Jr., minors; and Richard Anderson (collectively "the Pichardos") appeal the trial court's take-nothing summary judgment entered in favor of Appellees Big Diamond, Inc., d/b/a Big Diamond, Inc. #723 ("Big Diamond"), and Diamond Shamrock Stations, Inc., d/b/a Big Diamond, Inc. #723 and as Diamond Shamrock ("Diamond Shamrock"). Because Appellee Big Diamond conclusively established that it did not own, operate, or control the gas station and because Diamond Shamrock conclusively negated the foreseeability element of the Pichardos' negligence claim, we will affirm the trial court's summary judgment for Appellees.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of November 23, 2002, James C. Luedtke, Jr. and his girlfriend, Heather Roberts, drove into the Diamond Shamrock gas station on White Settlement Road. The attendant activated the pump, and Roberts pumped gas into the vehicle. Roberts hopped in the vehicle, and Luedtke drove away without paying for the gas. As Luedtke drove off, an employee of the gas station ran outside and attempted to get the license plate number of the vehicle.

In an effort to escape, Luedtke accelerated the vehicle, ran a red light, and collided with a vehicle driven by Alexis Pichardo, Sr., who had his son Andrew Warren Pichardo with him. Peggy Pichardo, Alexis Pichardo, Jr., and Richard Anderson were following Alexis Pichardo, Sr. in a

separate vehicle and witnessed the collision. Alexis Pichardo, Sr. and Andrew suffered bodily injuries as a result of the collision.

On November 19, 2004, the Pichardos sued Luedtke; Selma Ann Roberts, the owner of the car Luedtke had been driving; and Big Diamond. Big Diamond filed a general denial and affirmatively pleaded that it was not a proper party and that there had been a misidentification of parties. On December 9, 2004, the Pichardos amended their petition and added Diamond Shamrock as a defendant. Diamond Shamrock filed a general denial and raised the defense of limitations.

Big Diamond and Diamond Shamrock then filed a joint motion for summary judgment. Big Diamond argued that it was entitled to summary judgment because it was improperly joined in the lawsuit; Big Diamond claimed that it was not the operator or owner of the gas station involved in this case. Diamond Shamrock argued that it was entitled to summary judgment because it was joined after the two-year statute of limitations had expired and because it breached no legal duty owed to the Pichardos, Luedtke's actions were not foreseeable, and its acts or omissions were not a proximate cause of the Pichardos' injuries. The Pichardos filed a response,[1] pointing to summary judgment evidence supporting their cause of action for negligence. The trial court granted Appellees' motion for summary judgment without stating the grounds upon which it was granted. This appeal followed.

### III. SUMMARY JUDGMENT WAS PROPER

In their first and second issues, the Pichardos argue that the gas station owner owed Alexis Pichardo, Sr. a legal duty and

that the traffic accident that occurred was a foreseeable result of a gas station attendant activating a gas pump before receiving payment and subsequently chasing a vehicle she believed to be involved in a gas theft. Big Diamond responds that it is not liable in any capacity because the summary judgment evidence clearly shows that it did not own the store property and did not operate or control the store property. Diamond Shamrock responds that the trial court correctly granted its motion for summary judgment because Luedtke's criminal acts, which caused injury to the Pichardos off of Diamond Shamrock's premises, were unforeseeable.

### A. Standard of Review for Summary Judgments

■ A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex.2004); *see* TEX.R. CIV. P. 166a(b), (c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr.,* 143 S.W.3d at 798. In a case where the trial court's summary judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

### B. Law on Duty and Foreseeability

■ The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another;

---

1. Prior to filing their response, the Pichardos filed a motion to sever Luedtke and Roberts from the lawsuit, and the trial court granted

the motion to sever. Therefore, Luedtke and Roberts are not parties to this appeal.

(2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The threshold inquiry in a negligence case is duty. *Id.* The plaintiff must establish both the existence and violation of a duty owed to the plaintiff by the defendant to establish liability in tort. *Id.* Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question. *Timberwalk Apartments, Partners, Inc. v. Cain,* 972 S.W.2d 749, 756 (Tex.1998); *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 312 (Tex.1983).

■■■■ As a general rule, "a person has no legal duty to protect another from the criminal acts of a third person." *Timberwalk,* 972 S.W.2d at 756. An exception is that "[o]ne who controls ... premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Id.* The exception applies, of course, to a landlord who "retains control over the security and safety of the premises." *Id.*

■■■■ Likewise, third-party criminal conduct is a superseding cause of damages arising from a defendant's negligence unless the criminal conduct is a foreseeable result of the defendant's negligence. *See Phan Son Van v. Pena,* 990 S.W.2d 751, 754 (Tex.1999); *see also El Chico Corp. v. Poole,* 732 S.W.2d 306, 313 (Tex.1987) (third party's criminal act generally relieves negligent person from liability); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 550 (Tex.1985) (same). A defendant who seeks a summary judgment on the ground that the defendant has negated foreseeability as an element of proximate cause must prove, however, more than simply that the intervening third-party criminal conduct occurred. *Phan Son*

*Van,* 990 S.W.2d at 754. The defendant must show the third-party criminal conduct rises to the level of a superseding cause based on the following nonexclusive considerations,

(a) the fact that the intervening force brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that the intervening force's operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of the force's operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him; [and]

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

*Id.; see also Palacio v. AON Props., Inc.,* 110 S.W.3d 493, 499 (Tex.App.-Waco 2003, no pet.); *Cowart v. Kmart Corp.,* 20 S.W.3d 779, 783 (Tex.App.-Dallas 2000, pet. denied). If the defendant does this, it has negated the ordinary foreseeability element of proximate cause, and the burden shifts to the plaintiff to raise a genuine issue of fact on foreseeability by presenting controverting evidence that, despite the extraordinary and abnormal nature of the intervening force, there was some indication at the time that such a crime would

be committed. *See Phan Son Van*, 990 S.W.2d at 754.

### C. Summary Judgment for Big Diamond

■ We first evaluate Big Diamond's claim that it is not liable in any capacity because the summary judgment evidence clearly shows that it did not own the store property and did not operate or control the store property. The summary judgment evidence includes the oral deposition of Doug Miller, who is an officer of Big Diamond and vice president of Diamond Shamrock. During Miller's deposition, he stated that Big Diamond does not operate store # 723; instead, it is the holder of the alcohol licenses for that facility. Miller said that Diamond Shamrock owns the land, built the building, and operates store # 723. Based on this unrefuted testimony, it is clear that Big Diamond was not the owner of the property where the gas and dash occurred and therefore could not have owed the Pichardos a duty. *See Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 54 (Tex.1997) (holding that former property manager—who did not own, occupy, manage, possess, or otherwise have any control of the shopping center—owed no duty to invitees to keep shopping center safe). Therefore, the trial court properly granted Big Diamond's motion for summary judgment.

### D. Summary Judgment for Diamond Shamrock

■ The Pichardos argue that Diamond Shamrock

> knew that it was foreseeable that [not requiring] prepayment for gasoline purchases would in all likelihood result in foreseeable criminal activity such as theft of gasoline, and an attempt by the criminal to run away after the commission of the crime, and the possible injury of third persons such as [the Pichardos].

Here, the accident that injured the Pichardos occurred because Luedtke ran a red light after leaving the Diamond Shamrock gas station. The Pichardos were not invitees at the Diamond Shamrock gas station and the accident did not occur on the gas station premises. Consequently, we hold that the *Timberwalk* factors utilized to determine the scope of the duty owed by "[o]ne who controls ... premises" to "protect *invitees* from criminal acts of third parties" is not applicable here. *Timberwalk*, 972 S.W.2d at 756 (emphasis added).

■ Moving to an application of the *Phan Son Van* nonexclusive factors, we note at the outset that the Pichardos claim Diamond Shamrock was negligent by not requiring prepayment for the gas before an attendant would activate the gas pump. Diamond Shamrock conclusively established that Luedtke drove away from the gas station and ran a red light, hitting the Pichardos' vehicle. The accident did not occur on the gas station premises.

Applying the considerations listed in *Phan Son Van*, the "harm"—Alexis Sr.'s and Andrew's injuries—is a harm different in kind from that which would otherwise have resulted from the alleged negligence of not requiring prepayment for gasoline. Luedtke's actions in running a red light and striking the Pichardos' vehicle appear to be extraordinary rather than normal and appear to be independent of any negligence by Diamond Shamrock in not requiring prepayment for gasoline. Luedtke's action in running the red light is clearly due to his own decision to run the red light, and Luedtke is subject to liability to the Pichardos for his action in running the red light. Finally, we cannot see how Diamond Shamrock possesses more than possibly a minute degree of culpability for setting Luedtke's running of the red light in motion; the escape of any criminal following unauthorized criminal conduct

could involve the running of a red light. Thus, we hold that Diamond Shamrock negated the foreseeability element of proximate cause by conclusively establishing that Luedtke's act of running the red light was a supersedeing cause of Alexis, Sr.'s and Andrew's injuries. The burden then shifted to the Pichardos to raise a genuine issue of fact on foreseeability by presenting controverting evidence that, despite the extraordinary and abnormal nature of the intervening force, there was some indication at the time that this crime—the running of the red light—would be committed.

The Pichardos presented no such controverting evidence. The record is devoid of any evidence showing that similar accidents had occurred, that the Diamond Shamrock gas station was a frequent victim of gas and dashes, or that the area was crime laden. The record contains no evidence that other crimes or gas and dashes had occurred on the property or in its immediate vicinity, or even that individuals committing a gas and dash frequently run red lights or drive recklessly. *See Greater Houston*, 801 S.W.2d at 526–27 (concluding that where there was only one prior incident involving a cab driver using a weapon, the risk of injury to others was not foreseeable, and holding that, as a matter of law, the cab company had no duty to warn its cab drivers not to carry guns); *see also Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 657 (Tex.1999) (holding that to the extent that property owner's conduct created a risk of harm, it did not breach a duty to sexual assault victim because she was not so situated with relation to the wrongful act that her injury might have been foreseen). Because Diamond Shamrock conclusively negated the foreseeabil-

ity element of the Pichardos' negligence claim, the trial court properly granted summary judgment in favor of Diamond Shamrock. We overrule the Pichardos' first and second issues.[2]

## IV. CONCLUSION

Having overruled the Pichardos' first and second issues, we affirm the trial court's take-nothing summary judgment rendered in favor of Big Diamond and Diamond Shamrock.

---

2. Based on this holding, we need not reach the Pichardos' third issue regarding whether the statute of limitations was tolled due to an

alleged misidentification of the defendant. *See* Tex.R.App. P. 47.1.