

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00296-CV


DSW MASTERS HOLDING CORP.        APPELLANTS
AND MIKE LEBLANC

V.

DETECTIVE J. TYREE,          APPELLEES
INDIVIDUALLY, NATIONAL
INSURANCE CRIME BUREAU, JAY
NORRIS, INDIVIDUALLY,
CHARLES ROBERTS,
INDIVIDUALLY, ALLSTATE
INSURANCE COMPANY, GEICO
INSURANCE COMPANY,
KENNETH BURTON, AA
WRECKER SERVICE AND
DETECTIVE JOSH BOYD


----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

# MEMORANDUM OPINION[1]

----------

This appeal stems from an investigation and prosecution related to allegedly illegal business practices in repairing damage to automobiles. In seven issues, appellants and plaintiffs at trial, DSW Masters Holding Corp. (DSW) and Mike LeBlanc (LeBlanc), who is DSW's president, ask us to reverse the trial court's judgment granting the motions for summary judgment filed by the appellees listed above. We affirm.

## Background Facts

Appellants pled in their first amended original petition that eight of the nine appellees had acted "in unison and with a joint purpose to ruin the business reputation of [appellants] and to destroy the auto repair business of [appellants]." Appellants asserted that these appellees had purposely "cause[d] . . . damage, humiliation and harm to [appellants]." Factually, appellants claimed, among other assertions, that appellee Detective J. Tyree had made false statements while obtaining search warrants for LeBlanc's residence and DSW's business and that appellee Kenneth Burton, as Haltom City's police chief, was Tyree's supervisor, and was therefore "accountable" for Tyree's actions. Appellants also pled that appellees National Insurance Crime Bureau (NICB), Norris, Roberts, Boyd, Allstate, and GEICO had contributed to Tyree's investigation of appellants'

---

[1]See Tex. R. App. P. 47.4.

business practices or had conducted their own investigations; that upon execution of the warrants, some of appellants' vehicles had been seized, had been placed in the car storage lot owned by appellee AA Wrecker Service, and had been improperly sold;[2] that NICB agents had notified the media of the raid on appellants' repair shop; and that LeBlanc had been falsely arrested but was later exonerated of all charges against him. Against all appellees except for AA Wrecker Service, appellants brought claims for libel per se, false imprisonment, malicious prosecution, intentional infliction of emotional distress (by, among other acts, conspiring to disrupt appellants' business), and tortious interference with business contracts. Appellants sought compensatory damages of $5,000,000, comprising lost income,[3] loss of earning capacity, loss of business reputation, mental anguish, and out-of-pocket expenses (such as attorney's fees that LeBlanc incurred while contesting the criminal charges against him). Appellants also sought $10,000,000 in punitive damages.

Each appellee answered appellants' suit by filing general denials, and some appellees pled affirmative defenses and counterclaims. The trial court granted a motion filed by three appellees concerning appellants' violation of

---

[2]Thus, construed broadly, appellants' pleading may state a claim for conversion against AA Wrecker Service. *See Henson v. Reddin*, 358 S.W.3d 428, 434 (Tex. App.—Fort Worth 2012, no pet.) ("Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights.").

[3]Appellants contend that DSW's income fell after the execution of the warrants in late 2007.

procedural rules, thereby precluding appellants from "introducing into evidence any expert testimony . . . during the course of any proceeding." Each appellee then sought summary judgment on the following grounds:

- Allstate contended that appellants had no evidence of elements of each of their claims;

- NICB and Roberts argued that appellants' libel per se claim was barred by a statute of limitations, that summary judgment evidence offered by NICB and Roberts negated appellants' claims, and that appellants had no evidence of elements of each of their claims;

- Tyree, Burton, and Boyd asserted that section 101.106(a) of the civil practice and remedies code precluded appellants' suit against them because appellants had previously sued Haltom City in federal court,[4] that they had official immunity from appellants' claims, and that appellants had no evidence of elements of each of their claims;

- AA Wrecker Service claimed that appellants had no evidence of a conversion claim;

- GEICO argued that appellants' libel claim was barred by a statute of limitations, that GEICO did not make false statements that would support appellants' claims, that no statements made by GEICO had caused harm to appellants, and that appellants had no economic damages; and

- Norris claimed that he had a qualified privilege with respect to appellants' libel claim, that DSW could not maintain a false imprisonment claim because it was not a "person" that could be imprisoned, and that, among other contentions, appellants' could not produce evidence of essential elements of each of their causes of action.

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) (West 2011) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.").

Appellants responded to appellees' summary judgment motions and attached documents to the responses with the intent that those documents would qualify as evidence to refute the motions. Each appellee filed objections to appellants' summary judgment evidence. Specifically, AA Wrecker Service objected to two paragraphs of LeBlanc's affidavit because those paragraphs were not based on LeBlanc's personal knowledge and because they submitted a new damage theory. GEICO objected to parts of an affidavit filed by Jennifer Schipper (DSW's office manager) on the basis that the affidavit did not demonstrate that Schipper was competent to testify or had personal knowledge, and GEICO objected to portions of LeBlanc's affidavit for similar reasons. Norris generally requested that the "entirety of [appellants'] purported evidence be stricken" and also made specific objections to particular parts of appellants' summary judgment evidence, including LeBlanc's affidavit and Schipper's affidavit. NICB and Roberts also asked for all of appellants' evidence to be stricken, contending that the evidence was unorganized, not in admissible form, and that it was "impossible to determine what portions of the exhibits [appellants were] relying on." Allstate contended that the trial court should strike appellants' exhibits because they were not properly authenticated and should strike parts of LeBlanc's affidavit and Schipper's affidavit because those affidavits contained legal conclusions, unsubstantiated factual opinions, and hearsay. Tyree, Burton, and Boyd objected to several of appellants' exhibits on various grounds and also urged for the exclusion of LeBlanc's and Schipper's affidavits because, among

5

other reasons, they did not demonstrate the affiants' personal knowledge and also contained hearsay, conclusory statements, and legal conclusions.

The trial court granted each motion for summary judgment filed by appellees without stating the grounds upon which the court based its rulings. The trial court also sustained all of the objections to appellants' summary judgment evidence that had been filed by each appellee. After unsuccessfully seeking a new trial, appellants brought this appeal.

## The Resolution of Appellants' Issues

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Also, a defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See id.* at 508–09.

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's

claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the no-evidence motion for summary judgment unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i).

Appellants' brief contains a factual background about the investigation into appellants' business practices, the search of DSW's business site and LeBlanc's residence, and the criminal charges against LeBlanc. The brief then presents a "**Question to be Answered**," asking, "***Has a criminal offense been committed if an auto repair body shop owner does not follow the Insurance Repair Estimate?***" Following that question, the brief presents seven issues, contending that the trial court erred by

- "not finding that Appellants had No Privity of Contract with the two Appellee insurance companies";

- "not finding that Appellants had a binding, enforceable Customer Repair Order contract with its customers";

- "not finding that the two Appellee insurance companies had language in their own insurance policies that [forbade] Allstate and GEICO from specifying the brand, type, kind, age, vendor, supplier, or condition of parts or products used to repair the policyholder's automobile";

- "not finding that the Texas Insurance Code prohibits the two Appellee insurance companies . . . from specifying the . . . condition of parts or products used to repair the policyholder's automobile";

- "not following the Texas case of *Berry v[.] State Farm Mut. Auto[.] Ins. Co.*[5] that ruled that the Appellee insurance companies were legally prohibited from specifying the replacement parts for the repairs used by Appellants on their customers' vehicles";

- "not finding that Appellant Mike LeBlanc was 'Entrapped' by the Appellees"; and

- "not finding the Search Warrant . . . lacked probable cause."

The remainder of appellants' brief discusses these seven issues, along with aspects of the insurance and automobile body shop businesses, in an apparent effort to demonstrate the legality and overall propriety of appellants' business practices and to show that appellees generally violated state law and otherwise acted improperly. For example, in part of the discussion in their second issue, appellants state, "Mike LeBlanc has committed no crime by using less costly parts [than] the . . . parts required by the insurance adjuster." In part of their fourth issue, appellants assert that "the wrong 'offender' was arrested and jailed -- thus allowing the real culprits to go free as they went forth with shouts of joy and wringing their collective hands with glee for doing such excellent investigative work." Also, in a paragraph of their sixth issue, concerning entrapment, appellants contend, "Since he was unknowingly entrapped by the Appellees into committing the bogus crimes, . . . LeBlanc is Not Guilty of their commission . . . ." Finally, in a section toward the end of the brief titled "**Final Observation on the Case and Conclusion of Appellees['] Wrongful**

---

[5]9 S.W.3d 884, 892 (Tex. App.—Austin 2000, no pet.).

**Conduct**," appellants argue, "Not since the Salem Witch Trials . . . has such an illogical and irrational criminal investigation been conducted by so called professional investigators."

In no part of appellants' brief, however, have they particularly discussed the grounds on which appellees moved for summary judgment, specifically described their own causes of action and each of the elements of those claims,[6] cited authority concerning those causes of action and the elements of those claims, attempted to explain why the summary judgment evidence raises genuine issues of material fact on those elements, demonstrated how the issues that they have raised should impact the trial court's summary judgment decisions as to each appellee's motion, attempted to explain why appellees' various affirmative defenses were ineffective to sustain the trial court's summary judgment orders, or attempted to explain whether or why the trial court erred by granting appellees' motions to exclude appellants' summary judgment evidence. "In a case where the trial court's summary judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious." *Pichardo v. Big Diamond, Inc.*, 215 S.W.3d 497, 500

---

[6]At one point in appellants' brief, they state that LeBlanc's claim of malicious prosecution against appellees is "a sound and viable charge since by law LeBlanc is acquitted of the crimes, and thus was never guilty of the offenses." To sustain a civil claim of malicious prosecution, however, a plaintiff must prove facts beyond mere innocence of criminal charges. *See All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 533 (Tex. App.—Fort Worth 2009, pet. denied).

(Tex. App.—Fort Worth 2007, no pet.). Thus, in such a case, we must affirm the trial court's decision to grant summary judgment if a party fails on appeal to challenge all grounds upon which the decision could have been based. *Shelton v. Sargent*, 144 S.W.3d 113, 129 (Tex. App.—Fort Worth 2004, pets. denied); *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied); *see also Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.").

We do not have a duty to independently review the record[7] and applicable law to determine whether the trial court's summary judgment decision on an unchallenged ground was proper. *Shelton*, 144 S.W.3d at 129; *see Priddy v. Rawson*, 282 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). And it would be inappropriate for us to "re-draft and articulate what we believe [an appellant] may have intended to raise as error on appeal." *Valadez*, 238 S.W.3d at 845 (citing *Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 845 (Tex. App.—El Paso 2007, pet. struck)).

As mentioned above, although appellants raise seven issues, they fail to show how a finding in their favor on those issues would have defeated any ground, much less all grounds, for summary judgment raised by appellees in the

---

[7]In this case, the clerk's record includes more than 2,000 pages.

trial court. *See Shelton*, 144 S.W.3d at 129. Also, appellants have not asserted an issue generally challenging the trial court's grant of summary judgment in its entirety. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Because each appellee's motion for summary judgment contains grounds for summary judgment that appellants have failed to challenge in their appellate brief, we must affirm the trial court's decision to grant summary judgment for appellees. *See Shelton*, 144 S.W.3d at 129; *King v. Tex. Emp'rs' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex. App.—Fort Worth 1986, no writ) (affirming a summary judgment because the judgment may have been granted, properly or improperly, on the ground set forth in the motion, and the appellant did not challenge that ground).

Furthermore, where evidence has been held to be inadmissible and that holding has not been challenged on appeal, this court cannot consider the excluded evidence. *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied); *see San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990) (explaining that a "court of appeals may not reverse a trial court's judgment in the absence of properly assigned error"); *Burton v. Carter BloodCare*, No. 02-11-00003-CV, 2012 WL 42899, at *8 (Tex. App.—Fort Worth Jan. 5, 2012, no pet.) (mem. op.) ("The trial court sustained the objections [to summary judgment evidence], and appellant's original briefing did not challenge that decision. Thus, we conclude that we cannot consider that evidence."). None of appellants' issues challenge the trial court's rulings striking their

11

evidence, and appellants have not explained how any evidence that the trial court did not exclude defeats the grounds for summary judgment raised by appellees.

For all of these reasons, we are required to affirm the trial court's judgment regardless of how we would resolve appellants' seven issues. We overrule those issues as moot.[8] *See* Tex. R. App. P. 47.1; *Doe v. Tex. Ass'n of Sch. Bds., Inc.*, 283 S.W.3d 451, 464–65 (Tex. App.—Fort Worth 2009, pet. denied).

## Conclusion

Having overruled all of appellants' issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED:  October 4, 2012

---

[8]We also deny "Appellees National Insurance Crime Bureau and Charles Roberts' Motion to Strike Appellants' Appendix Material" as moot.