02-11-296-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00296-CV

 

 


 
 
 DSW Masters Holding Corp. and Mike LeBlanc
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Detective J. Tyree, Individually, National
 Insurance Crime Bureau, Jay Norris, Individually, Charles Roberts,
 Individually, Allstate Insurance Company, Geico Insurance Company, Kenneth
 Burton, AA Wrecker Service and Detective Josh Boyd
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 342nd
District Court OF Tarrant COUNTY

----------




MEMORANDUM
OPINION[1]

----------

          This
appeal stems from an investigation and prosecution related to allegedly illegal
business practices in repairing damage to automobiles.  In seven issues,
appellants and plaintiffs at trial, DSW Masters Holding Corp. (DSW) and Mike LeBlanc
(LeBlanc), who is DSW’s president, ask us to reverse the trial court’s judgment
granting the motions for summary judgment filed by the appellees listed above. 
We affirm.

Background
Facts

          Appellants
pled in their first amended original petition that eight of the nine appellees had
acted “in unison and with a joint purpose to ruin the business reputation of
[appellants] and to destroy the auto repair business of [appellants].”  Appellants
asserted that these appellees had purposely “cause[d] . . . damage, humiliation
and harm to [appellants].”  Factually, appellants claimed, among other
assertions, that appellee Detective J. Tyree had made false statements while
obtaining search warrants for LeBlanc’s residence and DSW’s business and that appellee
Kenneth Burton, as Haltom City’s police chief, was Tyree’s supervisor, and was
therefore “accountable” for Tyree’s actions.  Appellants also pled that appellees
National Insurance Crime Bureau (NICB), Norris, Roberts, Boyd, Allstate, and
GEICO had contributed to Tyree’s investigation of appellants’ business
practices or had conducted their own investigations; that upon execution of the
warrants, some of appellants’ vehicles had been seized, had been placed in the
car storage lot owned by appellee AA Wrecker Service, and had been improperly sold;[2]
that NICB agents had notified the media of the raid on appellants’ repair shop;
and that LeBlanc had been falsely arrested but was later exonerated of all
charges against him.  Against all appellees except for AA Wrecker Service, appellants
brought claims for libel per se, false imprisonment, malicious prosecution, intentional
infliction of emotional distress (by, among other acts, conspiring to disrupt
appellants’ business), and tortious interference with business contracts.  Appellants
sought compensatory damages of $5,000,000, comprising lost income,[3]
loss of earning capacity, loss of business reputation, mental anguish, and out-of-pocket
expenses (such as attorney’s fees that LeBlanc incurred while contesting the
criminal charges against him).  Appellants also sought $10,000,000 in punitive
damages.

          Each
appellee answered appellants’ suit by filing general denials, and some
appellees pled affirmative defenses and counterclaims.  The trial court granted
a motion filed by three appellees concerning appellants’ violation of
procedural rules, thereby precluding appellants from “introducing into evidence
any expert testimony . . . during the course of any proceeding.”  Each appellee
then sought summary judgment on the following grounds:

·       
Allstate
contended that appellants had no evidence of elements of each of their claims;

 

·       
NICB
and Roberts argued that appellants’ libel per se claim was barred by a statute
of limitations, that summary judgment evidence offered by NICB and Roberts
negated appellants’ claims, and that appellants had no evidence of elements of each
of their claims; 

 

·       
Tyree,
Burton, and Boyd asserted that section 101.106(a) of the civil practice and
remedies code precluded appellants’ suit against them because appellants had
previously sued Haltom City in federal court,[4] that they had official immunity
from appellants’ claims, and that appellants had no evidence of elements of
each of their claims;

 

·       
AA
Wrecker Service claimed that appellants had no evidence of a conversion claim;

 

·       
GEICO
argued that appellants’ libel claim was barred by a statute of limitations,
that GEICO did not make false statements that would support appellants’ claims,
that no statements made by GEICO had caused harm to appellants, and that
appellants had no economic damages; and

 

·       
Norris
claimed that he had a qualified privilege with respect to appellants’ libel
claim, that DSW could not maintain a false imprisonment claim because it was
not a “person” that could be imprisoned, and that, among other contentions,
appellants’ could not produce evidence of essential elements of each of their
causes of action.

          Appellants
responded to appellees’ summary judgment motions and attached documents to the
responses with the intent that those documents would qualify as evidence to
refute the motions.  Each appellee filed objections to appellants’ summary
judgment evidence.  Specifically, AA Wrecker Service objected to two paragraphs
of LeBlanc’s affidavit because those paragraphs were not based on LeBlanc’s
personal knowledge and because they submitted a new damage theory.  GEICO
objected to parts of an affidavit filed by Jennifer Schipper (DSW’s office
manager) on the basis that the affidavit did not demonstrate that Schipper was
competent to testify or had personal knowledge, and GEICO objected to portions
of LeBlanc’s affidavit for similar reasons.  Norris generally requested that
the “entirety of [appellants’] purported evidence be stricken” and also made
specific objections to particular parts of appellants’ summary judgment
evidence, including LeBlanc’s affidavit and Schipper’s affidavit.  NICB and
Roberts also asked for all of appellants’ evidence to be stricken, contending
that the evidence was unorganized, not in admissible form, and that it was
“impossible to determine what portions of the exhibits [appellants were]
relying on.”  Allstate contended that the trial court should strike appellants’
exhibits because they were not properly authenticated and should strike parts
of LeBlanc’s affidavit and Schipper’s affidavit because those affidavits
contained legal conclusions, unsubstantiated factual opinions, and hearsay. 
Tyree, Burton, and Boyd objected to several of appellants’ exhibits on various
grounds and also urged for the exclusion of LeBlanc’s and Schipper’s affidavits
because, among other reasons, they did not demonstrate the affiants’ personal
knowledge and also contained hearsay, conclusory statements, and legal
conclusions.

          The
trial court granted each motion for summary judgment filed by appellees without
stating the grounds upon which the court based its rulings.  The trial court
also sustained all of the objections to appellants’ summary judgment evidence
that had been filed by each appellee.  After unsuccessfully seeking a new
trial, appellants brought this appeal.

The
Resolution of Appellants’ Issues

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  In a traditional summary judgment case, the issue
on appeal is whether the movant met the summary judgment burden by establishing
that no genuine issue of material fact exists and that the movant is entitled
to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  A defendant who conclusively negates at least one essential element of
a cause of action is entitled to summary judgment on that claim.  Frost
Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508 (Tex. 2010).  Also, a
defendant is entitled to summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense.  See
id. at 508–09.

          After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant’s claim or
defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence.  Id.; Timpte Indus., Inc. v.
Gish, 286 S.W.3d 306, 310 (Tex. 2009).  The trial court must grant the no-evidence
motion for summary judgment unless the nonmovant produces summary judgment
evidence that raises a genuine issue of material fact.  See Tex. R. Civ.
P. 166a(i).

          Appellants’
brief contains a factual background about the investigation into appellants’
business practices, the search of DSW’s business site and LeBlanc’s residence,
and the criminal charges against LeBlanc.  The brief then presents a “Question
to be Answered,” asking, “Has a criminal offense been committed
if an auto repair body shop owner does not follow the Insurance Repair
Estimate?”  Following that question, the brief presents seven issues,
contending that the trial court erred by

·       
“not
finding that Appellants had No Privity of Contract with the two Appellee
insurance companies”;

 

·       
“not
finding that Appellants had a binding, enforceable Customer Repair Order
contract with its customers”;

 

·       
“not
finding that the two Appellee insurance companies had language in their own
insurance policies that [forbade] Allstate and GEICO from specifying the brand,
type, kind, age, vendor, supplier, or condition of parts or products used to
repair the policyholder’s automobile”;

 

·       
“not
finding that the Texas Insurance Code prohibits the two Appellee insurance companies
. . . from specifying the . . . condition of parts or products used to repair
the policyholder’s automobile”;

 

·       
“not
following the Texas case of Berry v[.] State Farm Mut. Auto[.] Ins. Co.[[5]]
that ruled that the Appellee insurance companies were legally prohibited from
specifying the replacement parts for the repairs used by Appellants on their
customers’ vehicles”;

 

·       
“not
finding that Appellant Mike LeBlanc was ‘Entrapped’ by the Appellees”; and

 

·       
“not
finding the Search Warrant . . . lacked probable cause.”

          The
remainder of appellants’ brief discusses these seven issues, along with aspects
of the insurance and automobile body shop businesses, in an apparent effort to demonstrate
the legality and overall propriety of appellants’ business practices and to
show that appellees generally violated state law and otherwise acted improperly. 
For example, in part of the discussion in their second issue, appellants state,
“Mike LeBlanc has committed no crime by using less costly parts [than] the . .
. parts required by the insurance adjuster.”  In part of their fourth issue,
appellants assert that “the wrong ‘offender’ was arrested and jailed -- thus
allowing the real culprits to go free as they went forth with shouts of joy and
wringing their collective hands with glee for doing such excellent
investigative work.”  Also, in a paragraph of their sixth issue, concerning
entrapment, appellants contend, “Since he was unknowingly entrapped by the
Appellees into committing the bogus crimes, . . . LeBlanc is Not Guilty of
their commission . . . .”  Finally, in a section toward the end of the brief
titled “Final Observation on the Case and Conclusion of Appellees[’]
Wrongful Conduct,” appellants argue, “Not since the Salem Witch Trials
. . . has such an illogical and irrational criminal investigation been
conducted by so called professional investigators.”

          In
no part of appellants’ brief, however, have they particularly discussed the grounds
on which appellees moved for summary judgment, specifically described their own
causes of action and each of the elements of those claims,[6]
cited authority concerning those causes of action and the elements of those
claims, attempted to explain why the summary judgment evidence raises genuine
issues of material fact on those elements, demonstrated how the issues that
they have raised should impact the trial court’s summary judgment decisions as
to each appellee’s motion, attempted to explain why appellees’ various affirmative
defenses were ineffective to sustain the trial court’s summary judgment orders,
or attempted to explain whether or why the trial court erred by granting
appellees’ motions to exclude appellants’ summary judgment evidence.  “In a
case where the trial court’s summary judgment does not specify the ground or
grounds relied upon for its ruling, the summary judgment must be affirmed if
any of the theories advanced is meritorious.”  Pichardo v. Big Diamond, Inc.,
215 S.W.3d 497, 500 (Tex. App.—Fort Worth 2007, no pet.).  Thus, in such a
case, we must affirm the trial court’s decision to grant summary judgment if a
party fails on appeal to challenge all grounds upon which the decision could
have been based.  Shelton v. Sargent, 144 S.W.3d 113, 129 (Tex.
App.—Fort Worth 2004, pets. denied); Scott v. Galusha, 890 S.W.2d 945,
948 (Tex. App.—Fort Worth 1994, writ denied); see also Walling v. Metcalfe,
863 S.W.2d 56, 58 (Tex. 1993) (“We have held repeatedly that the courts of
appeals may not reverse the judgment of a trial court for a reason not raised
in a point of error.”).

          We
do not have a duty to independently review the record[7]
and applicable law to determine whether the trial court’s summary judgment
decision on an unchallenged ground was proper.  Shelton, 144 S.W.3d at
129; see Priddy v. Rawson, 282 S.W.3d 588, 595 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied); Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex.
App.—El Paso 2007, no pet.).  And it would be inappropriate for us to “re-draft
and articulate what we believe [an appellant] may have intended to raise as
error on appeal.”  Valadez, 238 S.W.3d at 845 (citing Martinez v. El
Paso Cnty., 218 S.W.3d 841, 845 (Tex. App.—El Paso 2007, pet. struck)).

          As
mentioned above, although appellants raise seven issues, they fail to show how
a finding in their favor on those issues would have defeated any ground, much
less all grounds, for summary judgment raised by appellees in the trial court. 
See Shelton, 144 S.W.3d at 129.  Also, appellants have not asserted an
issue generally challenging the trial court’s grant of summary judgment in its
entirety.  See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.
1970).  Because each appellee’s motion for summary judgment contains grounds for
summary judgment that appellants have failed to challenge in their appellate
brief, we must affirm the trial court’s decision to grant summary judgment for
appellees.  See Shelton, 144 S.W.3d at 129; King v. Tex. Emp’rs’ Ins.
Ass’n, 716 S.W.2d 181, 182–83 (Tex. App.—Fort Worth 1986, no writ)
(affirming a summary judgment because the judgment may have been granted, properly
or improperly, on the ground set forth in the motion, and the appellant did not
challenge that ground).

          Furthermore,
where evidence has been held to be inadmissible and that holding has not been
challenged on appeal, this court cannot consider the excluded evidence.  Frazier
v. Yu, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied); see
San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990)
(explaining that a “court of appeals may not reverse a trial court’s judgment
in the absence of properly assigned error”); Burton v. Carter BloodCare,
No. 02-11-00003-CV, 2012 WL 42899, at *8 (Tex. App.—Fort Worth Jan. 5, 2012, no
pet.) (mem. op.) (“The trial court sustained the objections [to summary
judgment evidence], and appellant’s original briefing did not challenge that
decision.  Thus, we conclude that we cannot consider that evidence.”).  None of
appellants’ issues challenge the trial court’s rulings striking their evidence,
and appellants have not explained how any evidence that the trial court did not
exclude defeats the grounds for summary judgment raised by appellees.

          For
all of these reasons, we are required to affirm the trial court’s judgment
regardless of how we would resolve appellants’ seven issues.  We overrule those
issues as moot.[8]  See Tex. R. App.
P. 47.1; Doe v. Tex. Ass’n of Sch. Bds., Inc., 283 S.W.3d 451, 464–65
(Tex. App.—Fort Worth 2009, pet. denied).

Conclusion

          Having
overruled all of appellants’ issues, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DELIVERED:  October 4, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00296-CV

 


 
 
 DSW
 Masters Holding Corp. and Mike LeBlanc
  
 v.
  
 Detective
 J. Tyree, Individually, National Insurance Crime Bureau, Jay Norris,
 Individually, Charles Roberts, Individually, Allstate Insurance Company,
 Geico Insurance Company, Kenneth Burton, AA Wrecker Service and Detective
 Josh Boyd
 
 
 §
  
  
  
 §
  
  
  
 §
  
  
  
 §
 
 
 From the 342nd District
 Court
  
  
  
 of
 Tarrant County (342-233946-08)
  
  
  
 October
 4, 2012
  
  
  
 Opinion
 by Chief Justice Livingston
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

It
is further ordered that appellants DSW Masters Holding Corp. and Mike LeBlanc shall
pay all of the costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Chief Justice Terrie Livingston

 









[1]See Tex. R. App. P. 47.4.





[2]Thus, construed broadly,
appellants’ pleading may state a claim for conversion against AA Wrecker
Service.  See Henson v. Reddin, 358 S.W.3d 428, 434 (Tex. App.—Fort
Worth 2012, no pet.) (“Conversion is the unauthorized and wrongful assumption
and exercise of dominion and control over the personal property of another to
the exclusion of, or inconsistent with, the owner’s rights.”).





[3]Appellants contend that
DSW’s income fell after the execution of the warrants in late 2007.





[4]See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(a) (West 2011) (“The filing of a suit under this
chapter against a governmental unit constitutes an irrevocable election by the
plaintiff and immediately and forever bars any suit or recovery by the
plaintiff against any individual employee of the governmental unit regarding
the same subject matter.”).





[5]9 S.W.3d 884, 892 (Tex.
App.—Austin 2000, no pet.).





[6]At one point in
appellants’ brief, they state that LeBlanc’s claim of malicious prosecution
against appellees is “a sound and viable charge since by law LeBlanc is
acquitted of the crimes, and thus was never guilty of the offenses.”  To
sustain a civil claim of malicious prosecution, however, a plaintiff must prove
facts beyond mere innocence of criminal charges.  See All Am. Tel., Inc. v.
USLD Commc’ns, Inc., 291 S.W.3d 518, 533 (Tex. App.—Fort Worth 2009, pet.
denied).





[7]In this case, the clerk’s
record includes more than 2,000 pages.





[8]We also deny “Appellees
National Insurance Crime Bureau and Charles Roberts’ Motion to Strike
Appellants’ Appendix Material” as moot.